402 P.2d 22

**SIL–FLO CORPORATION, a corporation, Appellant,**

v.

**Arthur C. W. BOWEN, Appellee.**

**No. 7708.**

Supreme Court of Arizona.

En Banc.

May 13, 1965.

Evans & Kunz, Phoenix, for appellant.

Engdahl, Jerman, Butler & Estep, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from an order of the Superior Court of Maricopa County dismissing without prejudice the complaint of appellant, Sil-Flo Corporation, and two counterclaims of appellee, Arthur C. W. Bowen, for lack of jurisdiction of the subject matter.

The action arose out of the appellee's filing with the Bureau of Land Management, United States Department of the Interior, an application to patent certain mining claims situate in Pinal County. Such application was filed pursuant to the provisions of 30 U.S.C.A. § 29. Thereafter, appellant filed an adverse claim with the Bureau as provided in 30 U.S.C.A. § 30, and brought the instant case in the Superior Court of Maricopa County, the county of appellee's residence, in an attempt to comply with the following requirement contained therein:

" * * * It shall be the duty of the adverse claimant, within thirty days after filing his claim, *to commence*

*proceedings in a court of competent jurisdiction,* to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim." (Emphasis supplied.)

Appellant, in general, prayed for relief declaring that he was the owner and entitled possessor of the mining claims in dispute.

In response to appellant's complaint, appellee filed an answer and two counterclaims; setting forth in the answer, *inter alia,* that the trial court lacked jurisdiction of the subject matter. Appellant then moved to dismiss the counterclaims, alleging, in effect, inconsistency by appellee in denying jurisdiction of the subject matter and praying for a judgment on the merits. A response to such motion was then filed by appellee together with a motion to dismiss the complaint for lack of jurisdiction of the subject matter. Thereafter a hearing was held and the trial court ordered the dismissal without prejudice of the complaint and both counterclaims for lack of jurisdiction. The sole question here is whether the action required to be filed by appellant under 30 U.S.C.A. § 30 must be filed in the superior court of the county wherein the disputed mining claims are situate.

 Actions of this nature have been characterized by the United States Su-

preme Court as brought under a special statute of the United States in support of an adverse claim, Bennett v. Harkrader, 158 U.S. 441, 447, 15 S.Ct. 863, 39 L.Ed. 1046. The proceedings are said to be purely statutory, and have their inception not in the court in which the suits were commenced, but in the land office. Doe v. Waterloo Mining Co. (C.C.Cal., 1890), 43 F. 219, 221. The object of the action is not, strictly speaking, to determine the title to real estate, because the fee resides in the government, but to determine which of the contending parties has complied with the requirements of the law and is prior in time. Funk v. Sterrett, 59 Cal. 613, 615. In other words, in whom is the present right of possession? Lavagnino v. Uhlig and McKernan, 26 Utah. 1, 71 P. 1046, 1050. Cf. Bagg v. New Jersey Loan Company, 88 Ariz. 182, 354 P.2d 40. In Arizona it has been held that an adverse action, such as we are concerned with here, is purely a statutory remedy, and not a "common-law" action. Providence Gold Mining Co. v. Burke, 6 Ariz. 323, 57 P. 641, 642.

It has been held, regarding actions such as the one at bar:

" * * * Congress did not intend to prescribe jurisdiction in any particular court, state or Federal. * * * [T]he intention of Congress, in this legislation, was to leave open to suitors all courts competent to determine the question of the right of possession." Black-

burn v. Portland Gold Mining Co., 175 U.S. 571, 578–579, 20 S.Ct. 222, 225, 44 L.Ed. 276.

In Perego v. Dodge, 163 U.S. 160, 165, 16 S.Ct. 971, 973, 41 L.Ed. 113, the Supreme Court stated:

"[T]he determination of the right of possession as between the parties is referred to a court of competent jurisdiction, in aid of the land office, but the form of action is not provided for by the statute; and, apparently, an action at law or a suit in equity would lie, as either might be appropriate under the particular circumstances—an action to recover possession when plaintiff is out of possession, and a suit to quiet title when he is in possession." [1]

This Court said in Bagg v. New Jersey Loan Company, supra:

"While a locator's rights before patent are only possessory, his interest is regarded as real property and afforded that protection." 88 Ariz. 182, 189, 354 P.2d 40, 44.

■ What is the proper court for determination of this action is dependent on the provisions of the Arizona Constitution and Statutes and the provisions governing jurisdiction to try controversies arising out of conflicting claims to real estate are,

therefore, applicable. While it is apparent from the record before us that appellee was urging in the court below that it lacked jurisdiction of the subject matter of the action, the judgment sets forth only that it lacked jurisdiction generally. There are three kinds of jurisdiction: (a) Of the subject matter; (b) of the person; and (c) to render a particular judgment given. Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899; City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062; Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203, L.R.A.1916E, 303. In Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879, we said that "jurisdiction is the power to hear and determine." The definition of "jurisdiction of the subject matter" most often quoted by this Court is found in Foltz v. St. Louis & S. F. Railway Co., 8 Cir., 60 F. 316, 318, 8 C.C.A. 635:

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the

---

1. For general discussion of the character of this action see Lindley on Mines, Third Edition, § 754.

court, by the law of its organization, to deal with the abstract question. * * "

See, e. g., Dockery v. Central Arizona Light and Power Co., 45 Ariz. 434, 45 P.2d 656, 661; City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385, 388. In the latter case, the following was quoted with approval:

" ' "Jurisdiction does not relate to the right of the parties, as between each other, but to the power of the court. The question of its existence is an abstract inquiry, not involving the existence of an equity (right) to be enforced, nor the right of the plaintiff to avail himself of it if it exists. It precedes these questions, and a decision upholding the jurisdiction of the court is entirely consistent with a denial of any equity (right), either in the plaintiff or in any one else. * * * Have the plaintiffs shown a right to the relief which they seek? and has the court authority to determine whether or not they have shown such a right? A wrong determination of the question first stated is error, but can be reexamined only on appeal. The other question is the question of jurisdiction." People v. Sturtevant, 9 N.Y. (5 Seld.) 263, 269, 59 Am.Dec. 536.' " 44 Ariz. 40, 48–49, 34 P.2d 385, 388–389.

The judiciary in Arizona is established by Article VI of the State Constitution, A.R.S., adopted at the general election held Nov. 8, 1960. By Section 10 it is provided there shall be at least one judge in the superior court in each county and, by Section 13, that the superior courts constitute a single court composed of all the judges in every county. Section 14, subsec. 2 provides for original jurisdiction of the superior court in "[c]ases of equity and at law which involve the title to or possession of real property."

■ The Constitution makes it clear that jurisdiction of the subject matter of this action involving possession of real property is vested in the Superior Court of Arizona. Appellee, however, relies heavily on the decision of this Court in Ward v. Stevens, 86 Ariz. 222, 344 P.2d 491, erroneously asserting that it holds to the contrary; i. e., that the territorial jurisdiction of the superior court is limited to the county in which it is presiding. In the Ward case, supra, jurisdiction of the subject matter was never questioned. The jurisdiction found to be lacking was the jurisdiction to render the particular order since the case was not pending before a judge in the county in which the order complained of was made.

Appellee also cites the decision of this Court in Van Ness v. Superior Court, supra, as standing for the proposition that jurisdiction over the subject matter includes the authority to render the particular judgment which is prayed for. Appel-

lee's assertion is clearly incorrect. That decision was founded on the same basis as Ward v. Stevens, supra, that the court lacked jurisdiction to render the particular order. It is specifically pointed out therein, "There is no question of the jurisdiction of the parties, or of the subject matter, * * *." 69 Ariz. at 364, 213 P.2d at 900.

■ The problems in the case at bar arise from the failure to distinguish between jurisdiction and venue. Jurisdiction is the power to decide a case on its merits whereas venue relates to the place where the suit may be heard, Toulmin v. James Mfg. Co. (D.C.N.Y., 1939) 27 F.Supp. 512, 515; New York, C. and St. L. R. Co. v. Matzinger, 136 Ohio St. 271, 25 N.E.2d 349; Floor v. Mitchell, 86 Utah 203, 41 P.2d 281; Arganbright v. Good, 46 Cal. App.2d Supp. 877, 116 P.2d 186. Venue is a privilege which permits one in whose favor it runs to have a case tried at a convenient place, it is personal and unless asserted may be waived, Robert E. Lee and Co. v. Veatch, 4 Cir., 301 F.2d 434, 96 A. L.R.2d 619.

The Arizona venue statutes clearly recognize this distinction. By A.R.S. § 12–401, subsec. 12, all actions concerning real property shall be brought in the county in which the real property is located. By A.R.S. § 12–404, if an action is brought in the wrong county, "the court shall nevertheless have jurisdiction" unless the defendant, before the expiration of the time allowed to answer, files an affidavit stating that the county in which the action is brought is not the proper county and praying that the action be transferred to the proper county.

■ In Santa Cruz Ranch v. Superior Court, 76 Ariz. 19, 24, 258 P.2d 413, 416, we said:

"Whether this is an action concerning real property must be determined from the nature of the action itself. And the nature of the action is to be determined from the character of the complaint and from the character of the judgment which might be rendered upon a default thereto."

We have reviewed the character of the complaint and the relief prayed for and we conclude that this is an action "concerning real property" within the meaning of A.R.S. § 14–401, subsec. 12,[2] being pos-

---

2. We note that the relief prayed for is in the nature of a declaratory judgment. A.R.S. § 14–401, subsec. 12, was adopted from Texas, see Vernon's Ann. Civ.St. Art. 1995, § 14; and, both Texas and Arizona have adopted the Uniform Declaratory Judgments Act. Vernon's Ann.Civ.St. Art. 2524–1; A.R.S. §§ 12–1831 to 12–1846. In Superior Oil Co. v. Dabney (Tex.Civ.App., 1947), 204 S.W.2d 681, reversed on other grounds 147 Tex. 51, 211 S.W.2d 563, it was held that a suit for judgment declaring rights under a mineral lease contract

sessory in nature. Bagg v. New Jersey Loan Company, supra; Whalley v. George, 52 Ariz. 267, 80 P.2d 449. The venue lays in Pinal County where the claims are located.

 Appellee maintains the application of A.R.S. § 12–404 is limited by its very wording to those cases where a defendant is improperly served out of the county in which he resides. His argument is based on the fact that A.R.S. § 12–404, subsec. A provides that actions brought in the wrong county shall be transferred to the proper county upon the filing by the defendant before expiration of the time allowed to answer of an affidavit, "stating that the county in which the action is brought is not the proper county *and stating the county of the defendant's residence*, and praying that the action be transferred to the proper county." The interpretation which appellee urges would have the effect of limiting the application for transfer to only those cases where a defendant is sued out of the county where he resides. Both sections 12–401 and 12–404 are statutes fixing the venue of suits of the character described therein and providing the method for having alleged defects in venue brought to the court's attention for determination. They are not statutes limiting the jurisdiction of the courts, nor do they affect the jurisdiction of the superior court judges in other counties of Arizona in the actions described in § 12–401, merely furnishing a venue privilege of which a party may avail himself. Where venue of an action has been improperly laid, the remedy of the party complaining of the error in venue is not dismissal of the action, but is to seek its removal to the court having the proper venue under the procedure set forth in A.R.S. § 12–404.

The judgment of the superior court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LOCKWOOD, C. J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.

---

obligating defendant to drill for oil or gas was not a "suit involving land" within exception 14 of the venue statute (cited above), requiring suits involving land to be brought in county in which land is situated. It is to be noted, however, that the Texas Statute referred to does not contain the general reference to "all other actions concerning real property".