In the Matter of the Worker's Compensation Claim of Fred LARSEN,

Fred LARSEN, Appellant
(Employee/Claimant),

v.

HALL CONSTRUCTION COMPANY,
Appellee (Employer/Respondent).

No. 88–27.

Supreme Court of Wyoming.

March 17, 1989.

David A. Drell, Casper, for appellant.

Tim I. Munson, Brown & Drew, Casper, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN, J., Retired.

THOMAS, Justice.

The critical question in this appeal is whether an employer, Hall Construction Company (Hall), met its burden of demonstrating no genuine issue of any material fact in order to justify a summary judgment in its favor with respect to the claim of an employee, Fred Larsen (Larsen), for temporary total disability benefits under the Wyoming Worker's Compensation Act. There is a threshold question with respect to whether the District Court for the Sixth Judicial District in and for Campbell County had jurisdiction in the case because, if it did not, the judgment would be void. We conclude that the District Court for the Sixth Judicial District in and for Campbell County did have jurisdiction over the worker's compensation claim, but we agree with Larsen that Hall failed to sustain its burden of demonstrating that there was no genuine issue of any material fact. Consequently, the summary judgment in favor of Hall must be reversed, and the case remanded for further proceedings.

Larsen, in his Brief of Appellant, simply asserts a broad allegation of error in this way:

"I. Whether the district court erred in granting summary judgment for the employer and precluding the employee from being awarded benefits for temporary total disability from and after March 25, 1987."

Hall, as appellee, divides Larsen's claim of error into separate questions which it iterates in this way:

"1. Whether Appellant (Employee) waived any impropriety of venue in Campbell County, Wyoming, and whether venue of this contested worker's compensation case in Campbell County materially prejudiced Appellant (Employee)?

"2. Whether the district court properly rendered summary judgment in favor of Appellee (Employer) and against Appellant (Employee)?"

Prior to December 14, 1986, Larsen appeared to be a robust man in excellent health. On that day, he was injured in a truck rollover while performing work within the scope of his employment for Hall. Ever since the accident, Larsen has complained of disabling pain preventing his return to work. The record does indicate, however, that he still is capable of performing heavy ranch labor and strenuous rodeo activities.

Following the accident, Larsen filed a claim for worker's compensation benefits including a request for monthly temporary total disability payments. In accordance with the statutory requirement, the original claim was filed in the court in the county where the injury occurred, the District Court of the Sixth Judicial District in and for Campbell County. Hall objected to Larsen's claim for temporary total disability, running from the date of the accident through January 23, 1987, but payment was ordered despite the objection because the district court found that the objection was not timely filed. Hall previously had approved Larsen's initial bills for medications, so payment also was ordered for these bills.

On February 12, 1987, Hall filed a petition protesting the award of all further benefits contending that Larsen had suffered no compensable injury. This petition was dismissed based upon a finding that Hall was estopped from asserting this argument because of its earlier approval of the medical bills. Then, on March 25, 1987, Hall filed its second "Objection of Employer Disputing the Right of Employee to Receive Compensation." This time, the filing was determined to be timely.

The next day, March 26, 1987, Larsen filed a Request for Transfer of Case to which Hall amicably consented. Because of the "Application of the Employee * * * and the Court being otherwise sufficiently advised," the case was transferred, pursuant to an appropriate order, from the District Court of the Sixth Judicial District in and for Campbell County to the District Court of the Eighth Judicial District in and for Converse County. The case did not

stay in the District Court of the Eighth Judicial District, however, because, before that court resolved any matters other than procedural determinations, the court sent the case back to Campbell County with the statement, "I am going to return the file to Campbell County and allow Judge O'Brien to set any hearings necessary to resolve the matter." Neither party had requested that the case be returned to Campbell County, and no order for the return of the case was ever entered. Neither party objected to this reassignment, however, and both appeared in the subsequent proceedings which were conducted in Campbell County.

A series of motions and continuances followed, and a hearing ultimately was held on October 7, 1987. The District Court of the Sixth Judicial District in and for Campbell County, although noting that medical expenses and prescription bills should be paid pursuant to an agreement by both parties, granted a motion for summary judgment in favor of Hall which barred any award for temporary total disability subsequent to March 20, 1987. The court then ordered the case transferred again to Converse County. Larsen, still insisting that his debilitating injury prevents his return to work, has appealed from that decision.

■ We turn first to Larsen's claim of lack of jurisdiction. He contends that the District Court for the Sixth Judicial District in and for Campbell County was without subject matter jurisdiction over Hall's Motion for Summary Judgment because the case had been sent back to that court without properly following the procedures outlined in § 27–12–601, W.S.1977 (June 1983 Repl.). Larsen asserts correctly that the summary judgment is void and of no effect if jurisdiction is absent. See *Matter of Contempt Order Issued Against Anderson*, 765 P.2d 933 (Wyo.1988). The statute upon which Larsen relies, however, while pertinent to venue, does not determine subject matter jurisdiction, and a failure to comply with the statute does not require a conclusion of a jurisdictional defect. Further, this case, contrary to the urgings of appellant, is not controlled by

the dictum of *R.L. Manning Company v. Millsap*, 687 P.2d 252 (Wyo.1984). That case is readily distinguished in that, unlike this case, the original transferring court had never acquired jurisdiction to act in any capacity and, also unlike this case, the parties did not accept the transferee court as a convenient forum.

■ Section 27–12–601, W.S.1977 (June 1983 Repl.), in effect at the time of Larsen's injury, provided, in pertinent part:

"(a) If an injury or death resulting from injury is reported to the clerk of the district court of the county in which the injury occurred, * * * the clerk or his designee shall review the reports of the injury to ascertain whether the case should be docketed. * * *

"(b) At any time after the employee files his claim, he may request that the case and entire file be transferred to the district court of the county in which he resides. At any time after the employee has filed the employer's report of injury, he may request that the case and entire file be transferred to the district court of the county in which his main office in Wyoming is located. * * * If no objection is filed within ten (10) days after notice has been mailed, or if both parties request transfer of the case to the same district court, the clerk shall make proper notation in the docket and forward the entire file to the district court requested."

The mechanism found in this statute permits an employee or an employer to request a transfer of a worker's compensation claim once it has been properly filed in the county in which the injury occurred. The transfer is usually accomplished as a matter of course if neither party protests, or if both parties request it. This is the procedure which Larsen invoked when he requested the case be transferred from Campbell County to Converse County. Despite Larsen's interpretation to the contrary, this statute neither creates nor rejects subject matter jurisdiction in any certain district court; it relates only to venue. See *Myuskovich v. State ex rel. Osborn*, 59 Wyo. 406, 141 P.2d 540 (1943).

The district courts in this state are courts of general jurisdiction. *Murrell v. Stock Growers' National Bank of Cheyenne,* 74 F.2d 827, 831 (10th Cir.1934). See *Urbach v. Urbach,* 52 Wyo. 207, 73 P.2d 953 (1937). As such, they have inherent subject matter jurisdiction over any and all cases in which jurisdiction is not specifically vested in some court of limited jurisdiction. Wyoming Constitution, Art. 5, § 10; *Murrell,* 74 F.2d at 831. This jurisdiction includes jurisdiction over worker's compensation claims and disputes such as the one in this case. Once jurisdiction is acquired, the district court has the power to hear and determine the matter and to render a binding judgment. *McGuire v. McGuire,* 608 P.2d 1278 (Wyo.1980); *State v. District Court of Eighth Judicial District in and for Natrona County,* 33 Wyo. 281, 238 P. 545 (1925). We adopt the analysis found in *Sil–Flo Corporation v. Bowen,* 98 Ariz. 77, 402 P.2d 22 (1965), and recognize that the power to enter a binding judgment is equally present among all district courts in the state. In this context, venue is never a consideration. See *Myuskovich,* 142 P.2d at 543. It follows that the authority to enter summary judgment or any other order in favor of or against Hall properly is vested in any, or all, of the district courts in the state. That authority does not reside only in the court in which proper venue is found. In view of this widely vested authority, Hall's contention that the District Court of the Sixth Judicial District in and for Campbell County was without jurisdiction is without merit.

Since jurisdiction, with its inherent power to render judgment, is present despite any impropriety with respect to venue, it is unnecessary for us to consider whether the District Court of the Eighth Judicial District in and for Converse County properly followed § 27–12–601. Subject matter jurisdiction would be present whether it did or did not. It is proper, however, to remind our district courts and counsel that the remedy with respect to questions of venue is a request to change venue to the proper court. Unless specifically mandated by statute, the absence of proper venue does not result in a dismissal, a reversal, or a new trial. See *Sil–Flo,* 402 P.2d at 27. Furthermore, we expect the aggrieved party to make a timely objection, or to request a change. Otherwise, venue will be deemed proper. Such a result is justified because venue normally is founded upon convenience to the parties to the litigation. It does not reach the judicial power. Larsen failed to object to venue in the District Court of the Sixth Judicial District in and for Campbell County, and we deem any concerns he may have had with respect to venue to have been waived.

Larsen's next contention is that the summary judgment was improperly granted because Hall failed to establish that there was no genuine issue as to a material fact. He asserts that Hall did not present a basis for the district court to determine that there was no genuine issue of fact as to Larsen's temporary disability. We are satisfied that Larsen's position is correct. He had seen three different physicians with respect to the resulting disability from his injuries. Each physician was in turn recommended by a predecessor, and it is true that no one of them has been able to determine a tangible basis for Larsen's continuing pain. A CATscan and myelogram, both administered in the county hospital, failed to establish any objective basis for his pain. Even so, the last physician whom Larsen consulted told him "not to return to work if he felt that operating a truck would aggravate his problem." Pain often is entirely subjective, and the lack of a concrete indicia or external manifestation does not necessarily mean it is neither real nor disabling.

We can affirm a summary judgment only if the district court made a proper finding that no genuine issue of material fact existed and that the prevailing party was entitled to judgment as a matter of law. *Reed v. Reed,* 768 P.2d 566 (Wyo.1989); *Matter of Estate of Newell,* 765 P.2d 1353 (Wyo. 1988); *Duffy v. Brown,* 708 P.2d 433 (Wyo. 1985); *Greaser v. Williams,* 703 P.2d 327 (Wyo.1985). The moving party must accept the burden of establishing that there is no genuine issue of material fact and that judgment is appropriate as a matter of law.

*Jones Land & Livestock Company v. Federal Land Bank of Omaha*, 733 P.2d 258 (Wyo.1987). We recognize this to be a heavy burden because a trial is precluded and, for that reason, we do not take summary judgment lightly. *Kobielusz v. Wilson*, 701 P.2d 559 (Wyo.1985). In determining the propriety of a summary judgment, we examine the record from the vantage point of the party opposing the motion and afford to him every favorable inference and the benefit of every reasonable doubt. *Roth v. First Security Bank of Rock Springs*, 684 P.2d 93 (Wyo.1984). In addition, we have adopted a rule that an inference cannot control over unrefuted evidence in order to establish that there is no genuine issue of material fact. *Jones*, 733 P.2d at 263.

We conclude that Hall has not carried its burden. There is no question that Larsen was involved in an accident. Hall agreed that he sustained injuries because it approved payment for medical expenses and various prescriptions. Larsen was examined by three physicians with whom he consulted. All of them indicated that Larsen has problems even though they are unable to determine a tangible premise for his pain. Larsen testified in his sworn affidavit that his disabling pain continues and, consequently, he cannot resume his work.

Hall's materials in support of its summary judgment motion offer substantial and credible evidence of a lack of debilitating pain. It presented evidence through photographs, and the affidavit of a hired investigator, that Larsen performed heavy ranch work and actively participated in rodeo sports after his accident. Certainly, that evidence could lead to an inference that he is not suffering from the pain of which he complains. Larsen countered this evidence, however, with sworn affidavits by himself and his physician which state that he engaged in these activities only through economic necessity and was in constant pain while so involved. The explanation is not impossible as a matter of law. Bearing in mind that we give Larsen the advantage of every favorable inference, allow him the benefit of every reasonable doubt, and do not permit an inference to control over his direct testimony, we are forced to conclude that a genuine issue of fact exists as to Larsen's pain. That is a material fact with respect to disability, and it must be resolved at trial.

While the District Court of the Sixth Judicial District in and for Campbell County did have jurisdiction to enter judgment in this case, summary judgment was not appropriate because a genuine issue of material fact is present. We reverse and remand the case for further proceedings consistent with this decision.