Dennis HRONEK, Appellant (Defendant),

v.

SAINT JOSEPH'S CHILDREN'S HOME,
a Wyoming Corporation, Appellee
(Plaintiff).

No. 93–85.

Supreme Court of Wyoming.

Jan. 12, 1994.

Walter Urbigkit, Cheyenne, for appellant.

John J. Maier, Torrington, for appellee.

S. Thomas Throne, Sheridan, for amicus curiae Raymond T. Duncan.

John J. Blomstrom, Casper, for amicus curiae Eighty–Eight Oil Co.

Before THOMAS, CARDINE, GOLDEN and TAYLOR, JJ., and BROWN, J. (Retired).

BROWN, Justice, Retired.

In a declaratory judgment action involving mineral interests, the district court granted summary judgment to appellee, Saint Joseph's Children's Home. Appellant, Dennis Hronek, appeals.

We affirm.

Appellant urges the following issues:

FIRST ISSUE:

*Res judicata,* enforced by full faith and credit, precludes litigation of the trust liquidation and distribution issues presented in these subsequent proceedings.

SECOND ISSUE:

The expiration of the applicable Colorado Statutes of Limitations is binding on Wyoming by the Foreign Law Borrowing Statute, W.S. 1–3–117.

THIRD ISSUE:

Comity, abstention and *forum non conveniens* required in the exercise of proper discretion to have trial venue yielded to a pending proceeding in Colorado.

FOURTH ISSUE:

Concepts of due process and litigative fairness require reversal of the summary judgment decision.

FIFTH ISSUE:

The grant of summary judgment was improper and legally unjustified whether determined on a basis, which cannot be established by the decision, of a factual issues review or from a dispositive principle of law; both as to Appellee's Motion when granted and to Appellant's Motion when denied. Issues of fact existed and there is no preclusive rule of law which justified decision in favor of Appellee where material conflicts in the evidence exist.

If the entire New Testament can be edited into one short paragraph,[1] surely we can edit the issues urged by appellant into a single sentence, such as: Was the granting of appellee's motion for summary judgment legally correct?

On June 18, 1992, Saint Joseph's Children's Home filed a complaint for declaratory judgment requesting that it be declared the owner of all oil, gas and other minerals on and under certain property located in Campbell County, Wyoming. The complaint further requested that funds held by or payable by defendant Eighty–Eight Oil Company attributable to production on this property be set over to Saint Joseph's Children's Home. Eighty–Eight Oil Company and Raymond T. Duncan answered the complaint and requested interpleader. Interpleader was allowed and, on appeal, each party filed an amicus curiae brief in support of Saint Joseph's Children's Home. Throughout the district court proceedings, Mr. Hronek purported to act pro se; however, out-of-state counsel lurked in the periphery and surfaced from time to time. Attorney tracks are on all instruments filed by Mr. Hronek.[2]

On October 9, 1973, Leo A. Sims executed an oil and gas lease to Raymond T. Duncan. The oil and gas lease covered lands described as Township 47 North, Range 71 West, 6th P.M., Section 30: E½, Campbell County, Wyoming. Mr. Sims executed a trust agreement dated December 10, 1979 naming Mr. Hronek as trustee of the "Leo A. Sims Trust." In the trust agreement as amended, Mr. Sims named himself and his sister, Esther Hoskins, lifetime beneficiaries. Principal and income were to be used for the benefit of

---

1. According to syndicated columnist Lewis Grizzard, the New Testament can be condensed into a single paragraph: "He was born. He lived. He died. He's coming back and he's not going to be real happy." Lewis Grizzard, *The Art of Editing,* Rocky Mountain News, Nov. 13, 1993.

2. Mr. Hronek had a strange notion in the district court and on appeal that an out-of-state attorney with a power of attorney should be allowed to represent him in Wyoming courts.

Mr. Sims and his sister. Upon the death of the lifetime beneficiaries, the remaining assets in the trust estate was to be distributed to Saint Joseph's Children's Home in Torrington, Wyoming. On December 20, 1979, Mr. Sims conveyed all of the mineral rights under the E½ of Section 30, Township 47 North, Range 71 West, Campbell County, Wyoming, to Mr. Hronek as trustee under the trust agreement dated December 10, 1979. Mr. Sims died on January 29, 1983, and his sister died on December 14, 1985.

By its own terms, the trust agreement terminated on December 14, 1985 with the death of the last lifetime beneficiary, Esther Hoskins. Since the trust agreement terminated, there are no issues regarding the internal administration of the trust agreement to be litigated. The rules of construction of a trust agreement are simple. A trust agreement is governed by the plain meaning contained in the four corners of the document. "[A] trust is limited * * * in duration by the terms of the trust." 76 Am.Jur.2d, *Trusts,* § 92 (1992). *See also First Nat. Bank & Trust Co. of Wyo. v. Brimmer,* 504 P.2d 1367, 1369 (Wyo.1973) and *First Nat. Bank & Trust Co. of Wyo. v. Finkbiner,* 416 P.2d 224, 229 (Wyo.1966). The reading of the trust document is clear. Mr. Sims intended for the proceeds to be used to support himself. Upon his death, the proceeds of the trust were to be used to support his sister and then all the property passed to Saint Joseph's Children's Home. The death certificates filed in the appellate record clearly indicate that the lifetime beneficiaries died. Upon their deaths, the equitable interest passed to Saint Joseph's Children's Home. "[T]he trust terminates when its purpose has been fully accomplished * * *." 76 Am.Jur.2d, *Trusts, supra,* at § 92.

The NE¼ of Section 30, Township 47 North, Range 71 West, Campbell County, Wyoming was conveyed on March 20, 1986 by Mr. Hronek, in his capacity as trustee of the "Leo A. Sims Trust," to Saint Joseph's Children's Home. The SE¼ of Section 30, Township 47 North, Range 71 West, Campbell County, Wyoming was omitted from the conveyance. The sole basis of Mr. Hronek's claim to the minerals in the SE¼ of Section 30 was that this quarter section was not included in the mineral deed executed by Mr. Hronek dated March 20, 1986 and remained in him as trustee. Throughout proceedings in the district court and on appeal, Mr. Hronek has totally ignored the fact that his interest in the property involved here was as trustee of the "Leo A. Sims Trust."

On December 29, 1992, Saint Joseph's Children's Home filed a motion for summary judgment. In support of its motion, the affidavit of J. Matthew Perkins, a professional landman, was attached and filed. The affidavit recited that affiant had personally examined the instruments we have referred to. The affiant also attached copies of these instruments to his affidavit.

We need not cite in great detail the law with respect to summary judgment. That area of the law is well settled and well known. A summary judgment is proper only when there is no genuine issue of material fact and the prevailing party is entitled to a judgment as a matter of law. *McDonald v. Mobil Coal Producing, Inc.,* 789 P.2d 866, 869 (Wyo.1990); *Baros v. Wells,* 780 P.2d 341, 342 (Wyo.1989). The record is reviewed from the vantage point most favorable to the party opposing the motion. *Baros,* 780 P.2d at 342. A material fact is one which, if proven, would have the effect of establishing or refuting an essential element of the cause or defense asserted by the parties. *Stratman v. Admiral Beverage Corp.,* 760 P.2d 974, 978 (Wyo.1988). In summary judgment proceedings, the initial burden is on the moving party to demonstrate that there is no genuine issue of material fact. *Stundon v. Sterling,* 736 P.2d 317, 318 (Wyo.1987); *England v. Simmons,* 728 P.2d 1137, 1141 (Wyo. 1986).

Saint Joseph's Children's Home has shown in its motion for summary judgment that the mineral rights for the E½ of Section 30 were conveyed to Mr. Hronek in his capacity as trustee of the "Leo A. Sims Trust." The terms of this trust agreement, as amended, provided that upon the death of both Mr. Sims and his sister, the trust agreement terminated and the property passed to Saint

Joseph's Children's Home. The death certificates showed that Mr. Sims and his sister, the life beneficiaries of the trust, were deceased. The conveyance, terms of the trust agreement as amended, and the death certificates are unambiguous and no factual question can be developed with respect to these instruments. Clearly, Saint Joseph's Children's Home made a prima facie case and satisfied its burden by showing that the disputed mineral interest belonged to Saint Joseph's Children's Home.

After the moving party has established a prima facie case, the burden then shifts to the opposing party to come forward with competent evidence of specific facts countering the facts presented by the movant. *Jones Land and Livestock Co. v. Federal Land Bank of Omaha,* 733 P.2d 258, 263 (Wyo.1987). Competent evidence must be evidence that would be admissible at trial. Conclusory affidavits are insufficient to rebut movant's prima facie case and specific facts must be shown. *Davenport v. Epperly,* 744 P.2d 1110, 1112 (Wyo.1987). Mr. Hronek's affidavits and other materials filed in opposition to the motion for summary judgment totally failed to rebut Saint Joseph's Children's Home's prima facie case.[3]

In response to the motion for summary judgment, Mr. Hronek filed, pro se, an instrument captioned "Defendant Hronek's Response to Plaintiff's Motion for Summary Judgment and His Motion for Summary [Judgment]." This instrument stated that there were genuine issues of material fact, but did not identify any issues. It further stated that a deed "to the property" was made out to Mr. Hronek and that Saint Joseph's Children's Home sued him. Mr. Hronek also wanted to depose three members of the clergy. The instrument referred to attached affidavits and said Mr. Hronek was offered $1,500.00. Mr. Hronek did not say by whom or for what. Mr. Hronek concluded by requesting that Saint Joseph's Children's Home's motion for summary judg-

ment be denied and that he be granted summary judgment. An affidavit by an out-of-state attorney was attached to this response. This instrument stated that the affiant drafted the deeds and trust instruments involved in this matter. Another affidavit filed by Mr. Hronek stated that a home health care aide (affiant) was giving Mr. Sims a bath in the fall of 1982 and, at that time and place, according to the affiant, Mr. Sims said, "I have land in Wyoming. I'm going to give the orphanage half and Dennis [Hronek] half." The final affidavit was executed by a petroleum engineer who defined "production" as understood in the oil and gas industry.

At the hearing on the cross-motions for summary judgment, Hronek stated, "I request that summary judgment be found in my favor because of divine intervention, irregardless [sic] of all of the laws * * *." "Divine intervention" is mentioned at least three other times in Mr. Hronek's argument.[4] Summary judgment was granted in favor of Saint Joseph's Children's Home on February 17, 1993. This judgment effectively disposed of the counterclaims and cross-claims dangling in the declaratory judgment proceedings.

■ We have identified the only documents and instruments that the district court was asked to consider and did consider in the summary judgment proceedings. When reviewing a summary judgment on appeal, we review the judgment in the same light as the district court, using the same information. *England,* 728 P.2d at 1141; *Noonan v. Texaco, Inc.,* 713 P.2d 160, 162–63 (Wyo.1986); *Garner v. Hickman,* 709 P.2d 407, 410 (Wyo. 1985).

The thrust of appellant's appeal references materials not considered by the district court, nor were those materials urged or even brought to the attention of the district court at the summary judgment hearing. Fleeting reference is made to some of those

---

**3.** It is noted that appellate counsel for Mr. Hronek was not involved in the summary judgment proceedings in the district court.

**4.** A cursory examination of the cases decided by the Wyoming Supreme Court in more than a hundred years reveals that this is only the second

time "divine intervention" has been suggested. *Application of Stone,* 74 Wyo. 389, 288 P.2d 767, 771 (1955). Considering the caption of the case here, appellant may be ill advised to attempt to invoke "divine intervention."

materials or concepts in the pleadings, but they mostly withered away before the summary judgment proceedings.[5] Appellant now tries to breathe life into these vague concepts and urges entirely new theories. This case should be a straightforward appeal from a summary judgment; however, appellant obfuscates the real issue by extensive discussion and analysis of issues not before the district court. Appellant would have us believe that an issue is proved or disproved by an argument which proves or disproves something not at issue. Appellant raises and argues as issues: *res judicata,* statutes of limitation in Colorado and Wyoming, comity, abstention, *forum non conveniens,* due process and litigative fairness.[6] We do not understand appellant's fifth issue except he apparently is saying summary judgment was unjustified.

■ We have previously made reference to Mr. Hronek's response to Saint Joseph's Children's Home's motion for summary judgment and his own motion for summary judgment. Neither the response, through attached affidavits, nor argument at the summary judgment hearing address the issues now raised on appeal. In *Bredthauer v. TSP,* 864 P.2d 442, 446–47 (Wyo.1993), we said:

We strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature. *Oats v. Jorgenson,*

821 P.2d 108, 111 (Wyo.1991). We follow this rule because "it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." *Id.*

We are satisfied that the Wyoming court had jurisdiction over the subject matter of this lawsuit. The real property, that is, the mineral interest, was in Campbell County, Wyoming. The money or stake attributable to the mineral interests at issue was in Natrona County, Wyoming and Eighty–Eight Oil Company had its principal place of business in Natrona County. The venue of this lawsuit may also have been appropriate in Campbell County; however, appellant never requested that the venue be changed to Campbell County.

The district courts in this state are courts of general jurisdiction. *. * * As such, they have inherent subject matter jurisdiction over any and all cases in which jurisdiction is not specifically vested in some court of limited jurisdiction. * * * Once jurisdiction is acquired, the district court has the power to hear and determine the matter and to render a binding judgment. * * * We adopt the analysis found in *Sil–Flo Corporation v. Bowen,* 98 Ariz. 77, 402 P.2d 22 (1965), and recognize that the power to enter a binding judgment is equally present among all district courts in the state. In this context, venue is never a consideration. * * *

---

5. The appellate record contains several counterclaims by Mr. Hronek. It also contains crossclaims against Raymond T. Duncan and Eighty–Eight Oil Company. There are also spurious instruments purporting to be a cross-claim against S. Thomas Throne. Mr. Throne was never a party, but rather the attorney for Mr. Duncan. Mr. Hronek also filed an instrument purporting to be a complaint for declaratory judgment. The record contains copies of instruments that are illegible. Also, there are numerous missing instruments. The index indicates that these instruments are mostly correspondence. We assume that these missing and illegible instruments are not significant or we would have been advised.

6. Saint Joseph's Children's Home filed suit in October 1986 against Mr. Hronek in Weld County, Colorado. This suit was dismissed with prej-

udice by stipulation in April 1988. Appellant alludes to this case in connection with several of his issues. The district court did not consider the Colorado case in the summary judgment proceeding nor should it have been considered. In the Colorado case, Saint Joseph's Children's Home alleged mismanagement of the trust and breach of fiduciary duty. Saint Joseph's Children's Home asked for an accounting and for $100,000 for specified incidents of mismanagement. It also asked for $30,000 for unreasonable compensation Mr. Hronek allegedly paid himself as trustee and funds paid to an attorney. The Colorado action did not have anything to do with the subject matter of this case; that is, the mineral interest in Wyoming and the funds held by Eighty–Eight Oil Company. Furthermore, we do not know what happened in the Colorado case, except that it was dismissed.

Since jurisdiction, with its inherent power to render judgment, is present despite any impropriety with respect to venue, it is unnecessary for us to consider whether the District Court of the Eighth Judicial District in and for Converse County properly followed § 27–12–601. Subject matter jurisdiction would be present whether it did or did not. It is proper, however, to remind our district courts and counsel that the remedy with respect to questions of venue is a request to change venue to the proper court. Unless specifically mandated by statute, the absence of proper venue does not result in a dismissal, a reversal, or a new trial. See *Sil–Flo*, 402 P.2d at 27. Furthermore, we expect the aggrieved party to make a timely objection, or to request a change. Otherwise, venue will be deemed proper. Such a result is justified because venue normally is founded upon convenience to the parties to the litigation. It does not reach the judicial power. Larsen failed to object to venue in the District Court of the Sixth Judicial District in and for Campbell County, and we deem any concerns he may have had with respect to venue to have been waived. *Matter of Larsen*, 770 P.2d 1089, 1092 (Wyo. 1989).

 That said in *Matter of Larsen* is equally applicable here. Appellant made a motion to dismiss this case for lack of jurisdiction or, in the alternative, to change the venue to the District Court for Weld County, Colorado. A district court in Wyoming can change the venue to another county in Wyoming, but cannot properly change the venue to another state. Dismissal of the lawsuit was appellant's remedy if the district court for Natrona County did not have jurisdiction or suffered some other infirmity. The district court found it had jurisdiction, and we agree.

 It is well settled that courts of one state have no power to affect title to real property located wholly in another state. *Fall v. Eastin*, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909). Decrees and judgments purporting to affect title to real property in another state are void. *Kane v. Kane*, 577 P.2d 172, 175 (Wyo.1978).

In summary, jurisdiction and venue were proper in this case. The motion for summary judgment by Saint Joseph's Children's Home was supported by affidavits demonstrating a prima facie case that summary judgment should be granted. Mr. Hronek's response to the motion for summary judgment totally failed to rebut the prima facie case shown by Saint Joseph's Children's Home.

Affirmed.