2003 WY 129

In the Matter of the ESTATE OF
Edward Dale GEORGE,
deceased.

Nellie Lue George; Virginia May Horton–
Ferguson; Beverly Ann Straight; and
Tammie Jo George, Appellants (Respondents),

v.

Karen Allen, Personal Representative of
the Estate of Edward Dale George,
deceased, Appellee (Petitioner).

No. 03–16.

Supreme Court of Wyoming.

Oct. 15, 2003.

Representing Appellants: James P. Castberg, Sheridan, Wyoming.

Representing Appellee: William D. Omohundro, Buffalo, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] In 2001, the appellee, Karen Allen (Allen), replaced Beverly Ann Straight (Straight) as personal representative of the Estate of Edward Dale George (the decedent). Shortly thereafter, Allen petitioned the district court to sell the decedent's undivided 1/10th interest in real property located in Sheridan County. The appellants objected to Allen's petition. Following a hearing, the district court authorized Allen to sell the decedent's interest in the subject property. The appellants appeal from that decision. They argue that the district court should have reached the opposite conclusion based on their factual assertions and that the district court lacked jurisdiction. We affirm.

## ISSUES

[¶ 2] The appellants present the following issues for our review:

1. Did the district court commit an error in granting appellee's petition to sell real property over the objection of appellants, and prior to appellees collecting all of the assets of the estate and prior to a determination of the unpaid debts and fees due the personal representative and attorney for the estate?

2. Did the district court lack jurisdiction in this matter in that the decedent was a resident of Sheridan County, Wyoming, at the time of his death, died in Sheridan County, Wyoming, and all of the real estate, or interest therein, owned by the decedent at the time of his death, was located in Sheridan County, Wyoming?

## FACTS

[¶ 3] Edward Dale George died intestate April 17, 2000. On May 9, 2000, Straight, the decedent's sister, filed a verified Petition to Administer Estate in the District Court for Johnson County of the Fourth Judicial District. In that petition, Straight identified the decedent's potential heirs as his six sisters (including the appellants), two brothers, and three nieces, and alleged that the decedent died in Johnson County and was a resident of

Johnson County at the time of his death. Based on the information contained in the petition, the district court (sitting in probate) found as follows: (a) the decedent died in Johnson County and owned real and personal property in Johnson County and Sheridan County at the time of his death; (b) the district court had jurisdiction in the matter; and (c) the decedent's "resident status" was such that venue was proper in Johnson County. The district court appointed Straight to act as personal representative of the decedent's estate, issued her letters of administration, and ordered that she post a $25,000.00 bond.

[¶ 4] Subsequent filings and pleadings contain conflicting information regarding where the decedent resided at the time of his death. A death certificate filed July 26, 2000, states that the decedent died in Sheridan County, and was a resident of Sheridan County at the time of his death. In October 2000, Straight, as personal representative (at that time, counsel for the appellee represented Straight), petitioned the district court to sell some of the decedent's real and personal property not at issue in the instant appeal. Straight averred in that petition that the decedent was a resident of Sheridan County at the time of his death. In February 2001, Straight filed a verified report detailing the sale of this property, wherein she stated that the decedent was a resident of Johnson County at the time of his death. In the resulting order approving these transactions, the district court again found that the decedent was a resident of Johnson County at the time of his death.

[¶ 5] In September 2001, Karen Allen, a potential creditor of the decedent's estate, petitioned the district court to remove Straight as the estate's personal representative. The petition stated that the decedent died in Sheridan County and was a resident of Sheridan County at the time of his death. It further alleged that Straight failed to act in the estate's "best interests" with respect to the estate's assets.[1] Straight did not appear at a hearing set to consider the petition's merits. The district court subsequently removed Straight as the estate's personal representative, and appointed Allen to assume that position, accompanied by letters of administration. On November 5, 2002, Allen petitioned the district court to order Straight to show cause for the alleged misappropriation of estate assets and to order the company that posted Straight's bond to reimburse the estate in an amount required to make the estate "whole." The district court issued Straight an order to appear and show cause.

[¶ 6] Allen had previously listed the decedent's undivided 1/10th interest in certain real property located in Sheridan County in an Amendment to Estate Inventory. On November 5, 2002, Allen separately also petitioned the district court to allow her to sell the decedent's undivided 1/10th interest in the subject real property because the "estate currently has insufficient funds to pay costs of administration and the creditors claims that have been accepted" and that it was "in the best interest of this estate and for the benefit of the estate's creditors" that the property be sold. She attached an appraisal to the petition indicating that the value of the decedent's interest in the property was $2,448.00, and that Allen had entered an agreement to sell the decedent's interest for $16,000.00. In an unverified responsive pleading objecting to Allen's petition, the appellants claimed the following:

1. The subject real property is "the family home," and is "sacred and hallowed" property because the decedent's brother's ashes were scattered on the property in 2001;

2. Allen's accounting included assets that Allen stated she could not locate, but the appellants "believe[d]" that the assets could be located with "due diligence";[2]

1. Allen later alleged that Straight used estate assets for inappropriate or unidentified expenditures, misappropriated estate assets, and failed to account for estate assets.

2. The appellants also stated that Allen had failed to account for three horses in Allen's possession "which she may or may not have sold." Allen later supplemented her accounting with information regarding the three horses, as well as other horses. Allen's supplementation seems to have resolved this issue.

3. It "may not be necessary" for the estate to sell the decedent's interest in the subject property due to Allen's request that the company that posted Straight's personal representative bond reimburse the estate; and

4. The district court lacked "jurisdiction in this matter" because the decedent was a resident of Sheridan County when he died, his death occurred in Sheridan County, and the subject property is located in Sheridan County.

[¶ 7] The district court held a hearing December 17, 2002, on Allen's petition to sell the decedent's interest in the subject property, during which hearing the district court heard testimony from Allen and three other witnesses.[3] Based on that testimony and accompanying evidentiary exhibits, the district court made the following findings in its Order Authorizing Sale of Real Property filed December 24, 2002:

1. At that time, the decedent's estate had at least $21,786.00 "of obligations payable" by the estate, and had $3,503.49 in the estate bank account;

2. Expenses and interest continued to accrue pursuant to these obligations;

3. The decedent's estate needed funds to pay the obligations and selling the decedent's interest in the subject property was in the "best interest of the Estate and its creditors;" and

4. The district court had "jurisdiction in this matter."

Accordingly, the district court authorized Allen to sell the decedent's interest in the property for $16,000.00 pursuant to the referenced agreement. The appellants filed a Notice of Appeal regarding the Order Authorizing Sale of Real Property on December 30, 2002.

## DISCUSSION

### ORDER AUTHORIZING ALLEN TO SELL THE DECEDENT'S INTEREST IN REAL PROPERTY

[¶ 8] The appellants contend that the district court erred in authorizing Allen to sell

the decedent's interest in the subject property. They assert that the property has "intrinsic value" to them in that it is the family home and a sibling's ashes were dispersed on the property in accordance with the sibling's final wish. The appellants further argue that the district court's order "fails to take into consideration" that assets which Allen was unable to locate, "if" collected, "may well produce adequate funds" to satisfy the estate's obligations, and "fails to take into consideration" that on January 17, 2003, the district court ordered the company that posted Straight's personal representative bond to pay $25,000.00 to the estate due to Straight's actions as the estate's personal representative.

 Wyo. Stat. Ann. § 2–7–612(a) (LexisNexis 2003) provides as follows:

> Any real or personal property belonging to the decedent except exempt personal property and the homestead may be sold ... by the personal representative for any of the following purposes:
>
> (i) The payment of debts and charges against the estate;
>
> . . .
>
> (iii) Any other purpose in the best interests of the estate.

See also Wyo. Stat. Ann. § 2–7–614 (LexisNexis 2003) (whenever "it is for the best interests of the estate, real and personal property of the estate may be sold. . . ."). "At the hearing and upon satisfactory proof the court may order the sale ... of the property described or any part thereof at such price and upon such terms and conditions as the court may authorize." Wyo. Stat. Ann. § 2–7–615 (LexisNexis 2003).

 [¶ 10] The use of the verb "may" generally indicates that the authority found in the statute is "to be exercised at the discretion of the court." *Hodgins v. State,* 1 P.3d 1259, 1261 (Wyo.2000). *See generally Nimmo v. State,* 607 P.2d 344, 348 (Wyo. 1980). We have said that

---

3. The exhibits received at the hearing indicate that these three witnesses testified regarding horses they purchased during Straight's tenure

as the estate's personal representative. This testimony does not appear to be at issue in the instant appeal.

" '[j]udicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.' ... We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious."

*Young v. HAC, LLC,* 2001 WY 50, ¶ 6, 24 P.3d 1142, 1144 (Wyo.2001) *(quoting Carlton v. Carlton,* 997 P.2d 1028, 1031 (Wyo.2000) and *Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998)).

[¶ 11] We note at the outset that the appellants have provided neither a transcript of the hearing on the referenced petition pursuant to W.R.A.P. 3.02 nor a statement of the evidence pursuant to W.R.A.P. 3.03, and it does not appear that they requested special findings of fact and conclusions of law under W.R.C.P. 52(a).

It is the appellant[s'] burden to bring a complete record to this Court. *Erhart v. Evans,* 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo.2001); *Wood v. Wood,* 865 P.2d 616, 617 (Wyo.1993). Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record. *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996) *(quoting Matter of Manning's Estate,* 646 P.2d 175, 176 (Wyo.1982)); *Wood,* 865 P.2d at 618.

*Smith v. Smith,* 2003 WY 87, ¶ 11, 72 P.3d 1158, 1161 (Wyo.2003).

Without a sufficient record, we must

"accept the 'trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' *Willow-brook Ranch, Inc. v. Nugget Exploration, Inc.,* 896 P.2d 769, 771 (Wyo.1995). 'In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings.' 896 P.2d at 771–71."

*Williams v. Dietz,* 999 P.2d 642, 645 (Wyo. 2000) *(quoting Weiss v. Pedersen,* 933 P.2d 495, 498 (Wyo.1997), *abrogated on other grounds by White v. Allen,* 2003 WY 39, 65 P.3d 395 (Wyo.2003)).

[¶ 12] The appellants have not directed us to any evidence or pertinent legal authority that supports their argument regarding the subject property's claimed "intrinsic" value. They did not cite to the record in advancing this argument and did not provide us a record of the hearing on Allen's petition to sell the decedent's interest in the subject property. The bald assertions contained in the appellants' responsive pleading to Allen's petition and appellate brief are not sufficient. "This Court cannot rely on the allegations and averments contained within pleadings and briefs as being accurate statements of facts." *Small v. Convenience Plus Partners, Ltd.,* 6 P.3d 1254, 1255 (Wyo.2000).

[¶ 13] The appellants' contention that the district court failed to consider that Allen was unable to locate some of the decedent's personal property is similarly deficient. We cannot evaluate whether the district court erred in failing to consider this issue without a proper record, and the appellants do not cite to the record or pertinent legal authority in advancing this argument. The appellants do cite some relevant information from the pleadings in another portion of their appellate brief. Allen stated in a pleading that she "has never been able to locate or account for" certain personal property that Straight had previously listed in an estate inventory. The appellants claimed in their responsive pleading to Allen's petition that with "due diligence" some of these assets could be located; they stated in their appellate brief merely that "if" some or all of these assets can be located, the assets "may well" produce sufficient funds to satisfy the estate's obligations. We reiterate that we cannot rely on allegations and averments contained in the pleadings or briefs as accurate statements of fact. Even so, this argument is literally speculative, and also speculative based on the state of the record before us.

[¶ 14] Without citing to any pertinent legal authority, the appellants assert that the district court failed to consider the $25,000.00 it ordered a bonding company to

pay the estate due to Straight's conduct while acting as the estate's personal representative. In that order, filed January 17, 2003, the district court found that Straight had "depleted the assets of this estate by disregarding her duties as personal representative" and caused the estate to incur $26,580.86 in expenditures, interest, missing personal property, attorneys fees and costs, and personal representative fees and costs. We cannot evaluate the merits of this argument, or what, if any, consideration the district court gave it, without a proper record. We further note that the district court's order as to the bonding company was filed well after the December 17, 2002, hearing on Allen's petition, the district court's order pursuant to that hearing filed December 24, 2002, and the appellants' notice of appeal from that order filed December 30, 2002. Indeed, in the appellants' response to Allen's petition, they merely state that "[d]epending upon how much" is recovered from the bonding company, it "may not be necessary" to sell the decedent's interest in the subject property. It does not appear that the appellants ever requested that the district court reconsider its decision.[4]

[¶ 15] The appellants' contentions on this issue all pertain to the evidence. In the absence of a sufficient record, we accept the district court's findings as being the only basis for deciding the issues pertaining to the evidence. The district court's findings in the instant case included that the estate had at least $21,786.00 in obligations payable by the estate in addition to accruing expenses and interest, and had $3,503.49 in the estate bank account. The district court concluded that at that time, the estate needed funds to satisfy the referenced obligations and selling the decedent's interest in the subject property was in the "best interest" of the estate and its creditors. The appellants have not directed us to any facts appropriate for our consideration that refute the district court's findings. Accordingly, we sustain those findings and assume that the evidence presented was sufficient to support the findings. We conclude that the district court therefore did not abuse its discretion in authorizing Allen to

sell the decedent's interest in the subject property based on the existing circumstances. The appellants have not cited any pertinent legal authority that would compel a contrary conclusion.

### JURISDICTION

[¶ 16] The appellants argue that the district court's Order Authorizing Sale of Real Property was "void ab initio" because the district court (sitting in probate) for Johnson County lacked "jurisdiction." In their responsive pleading to Allen's petition to sell the decedent's interest in the subject property, the appellants advanced the following argument for the first time in the district court:

It appears from the death certificate of Edward Dale George that he was a resident of Sheridan County, Wyoming, at the time of his death; that his death occurred in **Sheridan County, Wyoming;** and that the real estate the Petitioner seeks to sell is located in Sheridan County, Wyoming, therefore this Court lacks jurisdiction in this matter.

(Emphasis in original.) On appeal, the appellants assert, apparently for the first time, that the district court for Johnson County **"was not the proper venue** and therefore lacked jurisdiction in this matter." (Emphasis added.) They contend that we should reverse the district court's order and remand with instructions to transfer the venue of this matter to the district court (sitting in probate) for Sheridan County.

[¶ 17] The district court concluded after the December 17, 2002, hearing that it had "jurisdiction in this matter." Subject matter jurisdiction is " 'the power to hear and determine cases of the general class to which the proceedings in question belong.' " *Lacey v. Lacey*, 925 P.2d 237, 238 (Wyo.1996) (*quoting Fuller v. State*, 568 P.2d 900, 903 (Wyo.1977)). Wyo. Stat. Ann. § 2–2–101 (LexisNexis 2003) provides, in pertinent part:

The district courts of the state have exclusive original jurisdiction of all matters relating to the probate and contest of wills and testaments, the granting of letters testamentary and of administration, and the settlement and distribution of decedents'

---

4. *See, for example, In re Potter's Estate*, 396 P.2d 438, 445 (Wyo.1964).

estates. The court granting the letters has exclusive jurisdiction of all matters touching the settlement and distribution of the estates for which letters have been granted. The jurisdiction over subject matter of the district court sitting in probate, sometimes referred to in this Title 2 as the "probate court", is coextensive with the jurisdiction over subject matter of the district court in any civil action.

Allen's petition to sell the decedent's interest in the subject property clearly touched upon the settlement of an estate for which the district court had previously granted letters of administration.[5]

[¶ 18] On appeal, the appellants argue that the district court lacked jurisdiction solely because "venue" was improper in the district court (sitting in probate) for Johnson County. This argument seems to confuse the concepts of jurisdiction and venue. Wyo. Stat. Ann. § 2–2–102 (LexisNexis 2003) provides, in pertinent part, as follows:

**Venue generally.**

(a) Wills shall be proved and letters testamentary or of administration granted:

(i) In the county of which the decedent was a resident at the time of his death, regardless of where he may have died[.]

The following excerpt, although not specific to probate jurisdiction, generally illustrates the distinction between the two concepts:

The district courts in this state are courts of general jurisdiction. *Murrell v. Stock Growers' National Bank of Cheyenne*, 74 F.2d 827, 831 (10th Cir.1934). See *Urbach v. Urbach*, 52 Wyo. 207, 73 P.2d 953 (1937). As such, they have inherent subject matter jurisdiction over any and all cases in which jurisdiction is not specifically vested in some court of limited jurisdiction. Wyoming Constitution, Art. 5, § 10; *Murrell*, 74 F.2d at 831.... Once jurisdiction is acquired, the district court has the power to hear and determine the matter and to render a binding judgment.

*McGuire v. McGuire*, 608 P.2d 1278 (Wyo. 1980); *State v. District Court of Eighth Judicial District in and for Natrona County*, 33 Wyo. 281, 238 P. 545 (1925). We adopt the analysis found in *Sil–Flo Corporation v. Bowen*, 98 Ariz. 77, 402 P.2d 22 (1965), and recognize that the power to enter a binding judgment is equally present among all district courts in the state. In this context, venue is never a consideration. See *Myuskovich [v. State ex rel. Osborn*, 59 Wyo. 406], 14[1] P.2d [540] at 543 [ (1943) ]. It follows that the authority to enter summary judgment or any other order in favor of or against Hall properly is vested in any, or all, of the district courts in the state. That authority does not reside only in the court in which proper venue is found. In view of this widely vested authority, Hall's contention that the District Court of the Sixth Judicial District in and for Campbell County was without jurisdiction is without merit.

Since jurisdiction, with its inherent power to render judgment, is present despite any impropriety with respect to venue, it is unnecessary for us to consider whether the District Court of the Eighth Judicial District in and for Converse County properly followed § 27–12–601. Subject matter jurisdiction would be present whether it did or did not. It is proper, however to remind our district courts and counsel that the remedy with respect to questions of venue is a request to change venue to the proper court. Unless specifically mandated by statute, the absence of proper venue does not result in a dismissal, a reversal, or a new trial. See *Sil–Flo*, 402 P.2d at 27. Furthermore, we expect the aggrieved party to make a timely objection, or to request a change. Otherwise, venue will be deemed proper. Such a result is justified because venue normally is founded upon convenience to the parties to the litigation. It does not reach the judicial power.

---

5. Wyo. Stat. Ann. § 2–7–103 (LexisNexis 2003) states that the personal representative "shall take possession of all of the estate of the decedent, real and personal," and Wyo. Stat. Ann. § 2–7–402 (LexisNexis 2003) provides that all of the decedent's "property is subject to the possession of the personal representative and to the control of the court for the purposes of administration...."

*Matter of Larsen,* 770 P.2d 1089, 1092 (Wyo. 1989). *See also Hronek v. St. Joseph's Children's Home,* 866 P.2d 1305, 1309–10 (Wyo. 1994).

[¶ 19] The filings and pleadings in this case contain conflicting information as to where the decedent resided at the time of his death and Straight was the source of some of this conflicting information. Interestingly, despite the conflicting information, the only formal findings the district court made in its prior orders appear to have been that the decedent was a resident of Johnson County at the time of his death. Because the appellants have not provided us a proper record, we do not know what, if any, evidence was presented at the December 17, 2002, hearing in order to evaluate this issue to the extent the appellants now claim it relates specifically to "venue."

[¶ 20] We do know that, based on the state of the record on appeal, the appellants did not raise this issue in the district court precisely as one based on improper "venue." We generally will not review issues raised for the first time on appeal except for jurisdictional issues and those so fundamental in nature that they must be considered. *In re Pohl,* 980 P.2d 816, 819 (Wyo.1999). Venue "does not reach the judicial power." *Matter of Larsen,* 770 P.2d at 1092. Without a record of the hearing, the above-quoted argument from the appellants' responsive pleading to Allen's petition is the only item indicating the manner in which the appellants raised the issue in the district court. That argument challenges the district court's "jurisdiction," not "venue," and the appellants did not request that the district court transfer "venue" to another court. The resulting finding by the district court was that it had "jurisdiction." Notably, on appeal (although the appellants appear to confuse the relationship between the two concepts) the appellants specifically discuss "venue" accompanied by citations to Wyo. Stat. Ann. § 2–2–102 (probate court venue) and specifically discuss "jurisdiction" accompanied by citations to Wyo. Stat. Ann. § 2–2–101 (probate court jurisdiction). In the district court, the appellants only discussed the district court's "jurisdiction" without citing either statute.

[¶ 21] Nevertheless, and notwithstanding other potential issues as to whether the appellants waived consideration of, or should be estopped from raising, this issue in terms of "venue," the appellants' remedy on appeal in the instant case is not a reversal of the district court's order authorizing Allen to sell the decedent's interest in the subject property. *Matter of Larsen,* 770 P.2d at 1092. It is worth noting that the district judge who decided the merits of Allen's petition is the sitting district judge in the District Court for Sheridan County of the Fourth Judicial District, which venue the appellants claim to be the proper venue for the instant case.

[¶ 22] Allen asks that we sanction the appellants for lack of cogent argument or citation to pertinent authority. The appellants, although minimally, did generally cite to the record and to some pertinent legal authority, and we conclude that this is not one of those rare circumstances where sanctions pursuant to W.R.A.P. 10.05 are appropriate.

[¶ 23] Affirmed.