■ ROBERT R. CARTER et al., Appellants, v EDWARD J. HEITZMAN et al., Respondents. [603 NYS2d 614] —Crew III, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered September 3, 1992 in Madison County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action pursuant to RPAPL article 15 seeking to quiet title to certain real property known as Oneida Street located in the Town of Sullivan, Madison County. In 1923, George Cochran acquired from Caroline Nortrip approximately 50 acres of land, which included the disputed parcel. During the next several years, Cochran conveyed to various individuals all of the property along the shore of Oneida Lake. Cochran thereafter conveyed to Libbie Teter all of the property originally acquired from Nortrip, subject to the following exception and reservation: "EXCEPTING AND RESERVING THEREFROM all of the lots heretofore conveyed to several parties and facing on the lake front and *also all [sic]* ALSO ALL THE RIGHTS OF WAY OR STREETS AS SHOWN ON A MAP OF THE NORTRIP TRACT MADE BY S.L. ADCOOK, C.E. AND FILED IN MADISON COUNTY CLERK'S OFFICE". The record indicates that the parcel identified as Oneida Street is referenced on this map. Teter then conveyed the premises to plaintiffs' predecessors in title, subject to the same exception and reservation. Plaintiffs subsequently acquired the premises by a deed which purported to convey, *inter alia,* "any right, title or interest [the grantor] may have in and to the * * * parcel known as Oneida Street". Following service of the summons and complaint, defendants answered and counterclaimed, contending that they had acquired title to the subject parcel through a deed from a Public Administrator of Cochran's estate and quitclaim deeds executed by Cochran's legal heirs. Defendants thereafter moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, and this appeal by plaintiffs followed.

Resolution of this appeal turns upon the construction given the exception and reservation contained in Cochran's deed to Teter. It is well settled that a deed must be construed according to the intent of the parties and, further, that a court is to give effect and meaning, to the degree possible, to each and every phrase or part of the deed *(see generally,* 43 NY Jur 2d,

Deeds, § 235, at 438-439). To the extent that there is ambiguity in the language employed, the deed should be construed most strongly against the grantor and in favor of the grantee (see, 43 NY Jur 2d, Deeds, § 237, at 439-440). These general rules of construction apply with equal force to the interpretation of exceptions and reservations. Thus, "[w]here there is uncertainty or ambiguity in the language used, the exception or reservation is to be construed most favorably to the grantee, and if there is an advantage to be gained from an uncertainty or ambiguity in the words, the grantee or person standing in his [or her] place is entitled to the benefit of it" (43 NY Jur 2d, Deeds, § 87, at 284-285).

Here, the relevant clause in Cochran's deed is ambiguous in that it is unclear whether Cochran intended to grant Teter all of the described premises except Oneida Street or, alternatively, to convey to Teter the entire parcel and reserve to himself either a right-of-way or an easement over Oneida Street or reserve a right-of-way over all of the streets depicted on the aforesaid map for the benefit of his prior grantees, which is the more likely although, as noted hereafter, it is a reservation he was not empowered to grant. Although the parties debate whether the provision is an actual exception or merely a reservation of rights, neither construction benefits defendants. Cochran could not create an easement benefiting land he no longer owned (see, Matter of Estate of Thomson v Wade, 69 NY2d 570, 573), nor could he grant an exception or reservation in favor of a stranger to the deed (see, supra, at 573-574; see also, 43 NY Jur 2d, Deeds, § 81, at 277-278). Further, to construe this clause as an exception leads to the rather illogical result of having Cochran's heirs retain ownership of all of the streets depicted on the map but none of the surrounding property. In view of this ambiguity, we are required to construe this clause in favor of plaintiffs, who stand in the shoes of the original grantee, and therefore conclude that plaintiffs' cross motion for summary judgment should have been granted.

Mikoll, J. P., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted and summary judgment awarded to plaintiffs.