2005 WY 153

Cecil CUNDY, an Individual; and Sundance Mountain Resort, Inc., a Wyoming corporation, Appellants (Defendants),

v.

RANGE TELEPHONE COOPERATIVE, INC., a Montana corporation, Appellee (Plaintiff).

Sundance Mountain Resort, Inc.; and Cecil A. Cundy, Appellants (Defendants),

v.

Union Telephone Company, a Wyoming corporation, Appellee (Plaintiff).

Nos. 04–218, 04–220.

Supreme Court of Wyoming.

Dec. 1, 2005.

Representing Appellants: Cecil A. Cundy of Sundance, Wyoming.

Representing Appellees: Bruce S. Asay of Cheyenne, Wyoming, for Range Telephone Cooperative, Inc.; and Paul J. Drew of Gillette, Wyoming, for Union Telephone Company.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

HILL, Chief Justice.

[¶ 1] Appellants, Cecil Cundy and Sundance Mountain Resort, Inc. (collectively Cundy), seek review of summary judgment orders issued by the district court. Those orders prohibited Cundy from interfering with the existing rights-of-way enjoyed by Appellees, Range Telephone Cooperative, Inc. (Range Telephone) and Union Telephone Company (Union Telephone), across lands owned by Cundy. We will affirm.

## ISSUES

[¶ 2] The issues in these two interrelated cases are very similar. In Case No. 04–218, involving Range Telephone, Cundy raises these issues:

1. Whether or not the District Court, by granting [Range Telephone's] Motion for Summary Judgment, despite the absence of any writing subscribed by Calvin W. Hayward, as trustee for the Sundance Community Television Association, convey-ing legal tile to the Mitts Trust Property to [Range Telephone's] lessor, "Sundance T.V. Association, Inc. dba Sundance Community Television," committed error by countenancing violation of the Statute of Frauds and whether or not such violation of the Statute of Frauds, if any, vitiated the right and power of [Range Telephone's] lessor to convey cognizable legal rights in the Mitts Trust property to [Range Telephone].

2. Whether or not the warranty-deed conveyance by the Mitts of the Mitts Trust Property created a valid trust, and if so, whether or not the District Court committed error in granting [Range Telephone] summary judgment by countenancing lease conveyance to [Range Telephone] of a portion of the Mitts Trust property by purported beneficiary, "Sundance T.V. Association, Inc. dba Sundance Community Television."

3. Whether or not the Wyoming Unincorporated Nonprofit Association Act (WUNAA) has any applicability to effect a conveyance of the Mitts Trust Property from Calvin W. Hayward, as trustee of the Sundance Community Television Association, to [Range Telephone's] lessor, "Sundance T.V. Association, Inc. dba Sundance Community Television."

4. Whether or not the District Court committed error in granting summary judgment on [Range Telephone's] claim for injunction.

5. Whether or not the District Court committed error in granting summary judgment on [Range Telephone's] claims for trespass, nuisance and declaratory relief.

6. Whether or not the District Court committed error by denying [Cundy's] Motion to Dismiss [Range Telephone's] Complaint for failure to join an indispensable party under W.R.C.P. 12(b)(7) and 19.

7. Whether or not the District Court committed error by denying [Cundy's] Motion to Dismiss [Range Telephone's] Complaint for failure to state a claim upon which relief could be granted under W.R.C.P. 12(b)(6).

Range Telephone stated this as the sole issue in this appeal:

Did [Range Telephone] have a right-of-way for ingress and egress to maintain the facilities—including microwave facilities, atop Sundance Mountain in Crook County, Wyoming?

Cundy contends that Range Telephone's brief creates these additional issues:

1. Can the Mitts Warranty Deed be construed as a conveyance "to Sundance Community Television Association" rather than according to the actual language "to Calvin W. Hayward, as Trustee of the Sundance Community Television Association?"

2. Would failure of the Warranty Deed conveyance to define a trust when coupled with a purported power of the Sundance Community Television Association to acquire, hold and convey real estate in its name give Sundance Community Television Association authority to convey legal tile held by Calvin W. Hayward, as Trustee for the Sundance Community Television Association?

3. Is W.S. § 17–22–114 applicable to give [Range Telephone's] purported lessor power to convey real property?

4. Did [Cundy] argue substance of Statute of Frauds in District Court and does [Cundy] have standing to make such argument on appeal?

In Case No. 04–220, involving Union Telephone, Cundy raises these issues:

1. Whether or not the District Court, by granting [Union Telephone's] Motion for Partial Summary Judgment, despite the absence of any writing subscribed by Calvin W. Hayward, as trustee for the Sundance Community Television Association, conveying legal title to the Mitts Trust Property to [Union Telephone's] lessor, Sundance Community Television Association, committed error by countenancing violation of the Statute of Frauds and whether or not such violation of the Statute of Frauds, if any, vitiated the right and power of [Union Telephone's] lessor to convey cognizable legal rights in the Mitts Trust Property to [Union Telephone].

2. Whether or not the warranty-deed conveyance by the Mitts of the Mitts Trust Property created a valid trust, and if so, whether or not the District Court committed error in granting [Union Telephone] summary judgment by countenancing lease conveyance by trust beneficiary, Sundance Community Television Association, to [Union telephone] of a portion of the Mitts Trust Property.

3. Whether or not the Wyoming Unincorporated Nonprofit Association Act (WUNAA) has any applicability to effect a conveyance of the Mitts Trust Property from Calvin W. Hayward, as Trustee of the Sundance Community Television Association, to [Union Telephone's] lessor, Sundance Community Television Association.

4. Whether or not the District Court committed error in granting summary judgment on [Union Telephone's] claim for injunction.

5. Whether or not the District Court committed error in granting summary judgment on [Union Telephone's] claims for declaratory relief.

6. Whether or not the District Court committed error by denying [Cundy's] Motion to Dismiss [Union Telephone's] Complaint for failure to join an indispensable party under W.R.C.P. 12(b)(7) and 19.

7. Whether or not the District Court committed error by denying [Cundy's] Motion to Dismiss [Union telephone's] Complaint for failure to state a claim upon which relief could be granted under W.R.C.P. 12(b)(6).

Union Telephone provides this summary of the issues:

A. Whether [Cundy] may assert the Statute of Frauds to defeat the validity of [Union Telephone's] lease.

B. Whether there is any evidence to support [Cundy's] affirmative claim that [Union Telephone's] predecessors were without authority to transfer [Union Telephone's] leasehold property.

C. Whether the trial court properly granted partial summary judgment in favor of [Union Telephone].

Cundy asserts that Union Telephone's brief generates these additional issues:

1. Whether [Cundy] may assert the Statute of Frauds to defeat the validity of [Union Telephone's] lease.

2. Whether there is any evidence to support [Cundy's] affirmative claim that [Union Telephone's] predecessors were without authority to transfer [Union telephone's] leasehold property.

3. Whether the trial court properly granted partial summary judgment in favor of [Union Telephone].

## FACTS AND PROCEEDINGS

### Case No. 04–218

[¶ 3] This case was initiated on January 2, 2004, when Range Telephone filed a "Complaint for Declaratory Judgment and Petition for Permanent Injunction, Nuisance and Trespass." Eventually, these parties entered into a stipulation that maintained the status quo pending the resolution of this matter (i.e., that Range Telephone could use the right-of-way). The district court entered an order maintaining the status quo based on that stipulation.

[¶ 4] The source of the controversy here originates, in large part, from a warranty deed given by Frank Mitts and Bessie May Mitts[1] to Calvin W. Hayward,[2] as Trustee for the Sundance Community Television Association, on June 9, 1958 (hereafter referred to as the "Mitts property"). The conveyance described a 200–foot by 100–foot rectangle of land atop Sundance Mountain and contained this language (the legal description of the parcel has been omitted):

The grantors hereby further grant and convey to the said grantee, his grantees, assigns and successors in interest, a right of way over and across all other lands and premises now owned by said grantors, so that the grantee, his assigns and successors in interest, shall have a full and complete right of ingress and egress to and upon said premises.

The grantors reserve the timber on said tract, save and except any trees that may be needed by grantee to fence the tract, and grantors reserve the right to pasture the tract so long as it does not interfere with the T.V. installation and fences placed on said premises by the grantee.

[¶ 5] Initially, the group overseeing the television rebroadcast setup was not incorporated, but eventually it was reorganized as a nonprofit corporation. In July of 1979, Sundance Community Television Association became "Sundance T.V. Assn., Inc." (a nonprofit corporation). Its purpose is described in its articles of incorporation:

The purpose or purposes for which the corporation is organized are: To construct, operate and maintain television receiving equipment and facilities in and around the Sundance, Crook County area, and such other activity as is authorized under Wyoming Statutes now or hereinafter inacted [sic] under Wyoming Law pertaining to nonprofit corporations.

[¶ 6] The heart of the controversy in this case results from the death of Calvin W. Hayward, the fact that a successor trustee was never named to replace him, and because there is no deed or other document conveying the Mitts property from the fledgling Television Association to the nonprofit corporation. In addition, we glean from the record that Sundance Community Television has no real assets other than the Mitts property, has very few subscribers, and is largely run by volunteers.

[¶ 7] Cundy filed a motion to dismiss, raising some of the issues that he now pursues in this appeal (that Hayward, or a representative of his estate, needed to be a party to this action; and that the Mitts property deed could not be traced forward to the nonprofit corporation). However, no mention is made of the applicability, if any, of the Statute of Frauds. In turn, Range Tele-

---

1. With some minor exceptions, the Mitts once owned all the property now owned by Cundy.

2. Calvin W. Hayward is now deceased. It appears that his estate made no claim to the property at issue here. The deed has never been reformed to remove or replace Hayward as "trustee."

phone filed a motion for summary judgment. The district court converted Cundy's motion to dismiss, along with its attached documentation, to a motion for summary judgment as well. *See* W.R.C.P. 12(b)(6).

[¶ 8] The district court then entered an order granting Range Telephone's motion for summary judgment. That order included the findings of fact and conclusions of law set out below. The parties do not dispute these operative facts, but rather dispute how these facts should be viewed under the applicable law.

### Easement Background

Range Telephone Cooperative, Inc., ("Range") is a public utility providing telecommunications services through portions of the State of Wyoming under Wyoming law, W.S. 37–15–101 et. seq. and is certified by the Wyoming Public Service Commission to serve certain segments of the public in northern Wyoming. As a cooperative, it is owned by its members and provides service to its members in rural areas in southern Montana and northern Wyoming. As a part of its telecommunications services, Range connects wireless or long distance carriers to its local customers. In order to do this, Range maintains a microwave facility on top of Sundance Mountain in Crook County, Wyoming. Range has secured access to its facility and property on Sundance Mountain by using two separate and distinct right-of-way entitlements, one of which was obtained in the sale of the Mona Short Line Telephone Company to Range Telephone and the other from a lease from Sundance TV Association. These rights-of-way follow the same road and are more specifically described below.

First. In March of 1979, Range acquired the Mona Short Line Telephone Company and its easements which allowed Range access to the top of Sundance Mountain in Crook County, Wyoming to maintain its facilities. As the successor in interest to Mona Short Line, Range obtained a right-of-way over and across an existing roadway traversing a tract of land on Sundance Mountain in Crook County, Wyoming which derived from two transfers:

1. A right-of-way easement dated February 19, 1979 from Hazel M. Seeley, a single woman, to the Mona Short Line Telephone Company, a Wyoming corporation, recorded in Book 168, P. 215, gave Range, as successor in interest to the grantee a right-of-way over and across the roadway traversing certain land in Crook County, Wyoming described as follows:

[Text of easement omitted.]

2. The second right-of-way easement dated February 19, 1979 was obtained by Range as the successor in interest to a transfer from William I. Lanning and Beulah A. Lanning, husband and wife, and Dale Hogen and Carol M. Hogen, husband and wife, to the Mona Short Line Telephone Company. This easement provides as follows:

[Text of easement omitted.]

Secondarily, Range entered into a Site Lease Agreement with Sundance T.V. Association, Inc., a Wyoming nonprofit corporation d/b/a Sundance Community Television on or about August 31, 2002, for the lease of certain property in Crook County, Wyoming. The agreement provided for the lease of certain property with the attendant right of access, including ingress and egress, for the construction, installation and operation of communications facilities by Range. The Site Lease Agreement provides, in pertinent part:

[Text of Site Agreement omitted.]

Range purchased from Sundance Community Television access to a site in Crook County allowing for the construction, installation and operation of communication equipment. In turn, Sundance Community Television obtained its right of access from a warranty deed obtained from Frank Mitts and Bessie May Mitts dated in June of 1958. This warranty deed provides, in pertinent part, as follows:

[See infra, test of warranty deed omitted.]

As Frank and Bessie May Mitts, husband and wife, owned the land extending from the public right-of-way to the deeded premises, they granted to Sundance Community Television a right-of-way allowing the Grantee access to the deeded parcel.

In turn, Range purchased from Sundance Community Television a right-of-way proceeding from the public access across that land previously owned by Frank and Bessie May Mitts to the leased premises.[3]

### Factual Incident

On or about January 8, 2004, three Range employees were traveling from their Range Telephone office in Sundance, Wyoming to Range's microwave facility on top of Sundance Mountain in Crook County, Wyoming. After leaving the public right-of-way, the employees proceeded along a Range right-of-way that allowed them access to the top of Sundance Mountain. As they proceeded along the property owned by Sundance Mountain Resort, Inc., Defendant, Cecil Cundy approached their vehicle and refused the employees passage along the Range right-of-way. The employees turned back and did not attempt access to the Range facility on top of Sundance Mountain.

On or about October 29, 2004, a Range employee was again advised by the Defendant, Cecil Cundy, that the access to the top of Sundance Mountain was blocked because the Defendant had chained the access gate. Range contacted the local authorities to obtain access. Range was advised that such a matter was a civil one that would need to be resolved in court.

. . . .

### Discussion

Range, by two different and separate chains of authority, has purchased right-of-way to access either its deeded property located ... [on Sundance Mountain]. Wyoming law defines very clearly the correlative rights between the holder of an easement and a landowner in *Edgcomb v. Lower Valley Power and Light, Inc.*, 922 P.2d 850 (Wyo.1996). Wyoming courts have stated in unequivocal terms that the owner of an easement has the absolute right to occupy and use the easement and is entitled to injunctive relief to prevent interference by the landowner:

> With regard to easements in particular, injunctive relief is appropriate to prohibit the servient estate owner from interfering with the dominant estate owner's use of his easement.

The precedent established by the Wyoming Supreme Court is directly applicable to this case. Here, Range as the successor in interest to the Mona Short Line holds an interest in an easement across Defendants' property. For over twenty-five years, [Range] or its predecessors in interest have been utilizing an existing roadway to traverse [Cundy's] (or [his] predecessors in interest) property to access communication equipment on top of Sundance Mountain. [Range's] interests stem from two different sources: (1) the purchase of the Mona Short Line Telephone Company which owned a 40′ right-of-way over and across the existing roadway traversing [Cundy's] (or its predecessors in interest) property; and, (2) a lease hold interest obtained from Sundance Community Television containing the right of access (including ingress and egress) for the construction, installation and operation of communication equipment. This latter easement originated from a preceding land owner who granted right-of-way over and across all lands and premises now owned by said grantors [landowner] so that grantee, his assigns [Range] and successors in interest shall have full and complete right of ingress and egress to and upon said premises.

A plain reading of the transfer documents indicates that the Grantors passed to Grantees and their successors in interest or assigns the right of ingress and egress. The interpretation of the warranty deed suggested by [Cundy] is simply not credible in light of the plain language of the deed. Sundance Community Television had the right to issue a lease to Range

---

**3.** The site where Range Telephone has its historic facility on Sundance Mountain is located very near, but not immediately adjacent to, the Television Association's property. If Range Telephone was using its historic right-of-way to access its historic property, Cundy permitted Range to use the right-of-way. However, if Range was trying to go to the Television Association site, he would not allow use of the right-of-way.

and such leasehold interest included the right of ingress and egress.

[¶ 9] Based upon these findings and conclusions, the district court enjoined Cundy from interfering with Range Telephone's access to the top of Sundance Mountain and/or the Sundance Community Television site.

**Case No. 04–220**

[¶ 10] This case was initiated on February 20, 2003, when Union Telephone filed its complaint seeking declaratory relief that recognized its rights vis-à-vis Cundy to its right-of-way for access to the top of Sundance Mountain. Union Telephone had entered into a lease agreement with the Television Association that allowed Union Telephone to place microwave equipment on the Television Association's parcel and to use the right-of-way so as to access that parcel. Union Telephone sought declaratory relief in its first three claims:

> 1. That the court declare that [Union Telephone] has the right to ingress to and egress from its leasehold across the lands of [Cundy].
>
> 2. That the court declare that [Cundy] has no interest in the lands comprising [Union Telephone's] leasehold, and specifically has no interest in the timber and grazing thereon.
>
> 3. That the court enjoin [Cundy] from interfering with [Union Telephone's] ingress to and egress from its leasehold across [Cundy's lands].

[¶ 11] Union Telephone appended to its complaint a copy of the lease between it and Sundance Community Television Association, a copy of the deed from the Mitts to Calvin W. Hayward, as Trustee for the Sundance Community Television Association, and a warranty deed from the Wyoming Industrial Development Corporation to Cundy for the lands generally in dispute here, which excepted the lands held by Sundance Community Television. In a fourth claim, it sought damages it incurred as a result of Cundy's interference with Union Telephone's right-of-way.

[¶ 12] Cundy filed a "Verified Motion to Dismiss" that complaint, to which he attached a number of exhibits. Union Telephone filed a motion for partial summary judgment as to its first three claims. Union Telephone appended to its motion requests for admission that Cundy had failed to answer (that the lease attached to the complaint was accurate; that the deed attached to the complaint was a true and accurate copy of the genuine document; that the Mitts were the owners of record of the disputed property on June 9, 1958; that Cundy owned no interest in the lands described in the lease; and that the lands described in the lease are owned by Sundance Community Television Association). In a brief in support of its motion for partial summary judgment, Union Telephone noted: That Cundy had failed to answer the complaint and that the "Verified Motion to Dismiss" did not excuse the necessity of answering the complaint; that the failure to answer the complaint was an admission of the averments in the complaint (W.R.C.P.8(d)); that the "Verified Motion to Dismiss" with evidentiary material attached should be treated as a motion for summary judgment per W.R.C.P. 12(b)(6); and that the failure to answer the request for admissions had the result, for purposes of this action, of those matters being admitted. W.R.C.P. 36. Cundy objected to these contentions.

[¶ 13] The district court denied Cundy's motion to dismiss. After conducting a teleconference hearing, which was not transcribed, the district court issued this order granting a partial summary judgment in favor of Union Telephone: [4]

> 1. That the Plaintiff Union Telephone Company is the lessee under a valid lease from the Sundance Community Television Association covering the following described tract of land:
>
> [Legal description omitted.]
>
> 2. That the Plaintiff Union Telephone Company is, by virtue of its lease, entitled

4. By order entered on December 14, 2004, we denied a motion to dismiss this appeal that was premised on the pendency of the damages claim. W.R.A.P. 1.05(e)(1) includes injunctions in the definition of "appealable order."

to ingress to and egress from the above described tract over and across the lands of the defendant Sundance Mountain Resort, Inc. described as:

[Legal description omitted.]

3. That the defendant Sundance Mountain, Inc. has no interest in the lands leased by the [Union Telephone] and described above and specifically has no interest in the timber thereon and no right to pasture said lands.

4. That the plaintiff is entitled to an injunction permanently enjoining the defendants Sundance Mountain Resorts, Inc. and Cecil A. Cundy from interfering with the [Union Telephone's] right to ingress and egress to and from its leased lands.

## STANDARD OF REVIEW

[¶ 14] When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below. The propriety of granting a motion for summary judgment depends upon the correctness of the dual findings that there is no genuine issue as to any material fact, and that the prevailing party is entitled to judgment as a matter of law. A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense. We, of course, examine the record from a vantage point most favorable to that party who opposed the motion, affording to that party the benefit of all favorable inferences that fairly may be drawn from the record. Questions of law are reviewed de novo. *Martin v. Committee for Honesty and Justice at Star Valley Ranch*, 2004 WY 128, ¶ 8, 101 P.3d 123, 127 (Wyo.2004).

[¶ 15] With respect to the construction of reservations in deeds such as that at issue in this case, reservations are to be narrowly and strictly construed against the grantor and in favor of grantee. *Carter v. Heitzman*, 198 A.D.2d 649, 603 N.Y.S.2d 614, 615 (A.D. 3 Dept.1993); 9 Thompson on Real

5. Cundy did not present evidence, nor has he offered an argument, that Sundance Community

Property, § 82.09(c)(2), at 596–98 (2nd ed.1999 and Cum.Supp.2005). *Also see Wood v. Board of County Commissioners of Fremont County*, 759 P.2d 1250 (Wyo.1988); and *Samuel Mares Post 8 v. Board of County Commissioners of the County of Converse*, 697 P.2d 1040 (Wyo.1985).

## DISCUSSION

### Case No. 04–218

### Did Sundance Community Television Association Have Legal Title to the Mitts Property

[¶ 16] Cundy articulates this proposition as a summary of his case:

This case involves a confluence of equitable doctrines of the law of trusts with the law of conveyances of real property and the common law pertaining to unincorporated associations all arising from a conveyance in trust in 1958 of a tract of land located south of Sundance, Wyoming, at the top of Sundance Mountain, for the purpose of bringing television to the surrounding community and reserving timber and pasturage for the trust grantors.

[¶ 17] If such a confluence has occurred, it is not supported by evidence of record, cogent argument, or the recitation of pertinent authority. The centerpiece of Cundy's theory is that the Mitts property was deeded to Calvin W. Hayward (as trustee for the Sundance Community Television Association), and that the property has never been transferred to any other person or entity. Cundy is now the owner of the property that surrounds the Television Association's parcel and includes all the property over which the Television Association has its right-of-way for ingress and egress, as well as any interest in the timber and pasturage rights that the Mitts reserved in themselves. Cundy further asserts that the Television Association did not have the power or authority to permit Range Telephone to use the Mitts property and the right-of-way[5] associated with it.

Television's use of the easement (directly or through its lessees) has exceeded the "reason-

[¶ 18] Cundy asserts that Range Telephone's agreement with the Television Association violates the Statute of Frauds:

### § 1–23–105. Agreements void unless in writing.

(a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:

(i) **Every agreement that by its terms is not to be performed within one (1) year from the making thereof;**

(ii) Every special promise to answer for the debt, default or miscarriage of another person;

(iii) Every agreement, promise or undertaking made upon consideration of marriage, except mutual promise to marry;

(iv) Every special promise by an executor or administrator, to answer any demand out of his own estate;

(v) **Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year;**

(vi) To charge any person upon, or by reason of a representation or assurance concerning the character, conduct, credit, ability, trade or dealings of another, to the intent or purpose that such other may obtain thereby, credit, money or goods. [Emphasis added.]

Wyo. Stat. Ann. § 1–23–105 (LexisNexis 2005).

[¶ 19] Cundy also refers to the statutory definition of a conveyance:

### § 34–1–102. "Conveyance" defined.

The term "conveyance", as used in this act, shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, alienated, mortgaged or assigned, or by which the title to any real estate may be affected in law or in equity, except wills, leases for a term not exceeding three (3) years, executory contracts for the sale or purchase of lands, and certificates which show that the purchaser has paid the consideration and is entitled to a deed for the lands, and contain a promise or agreement to furnish said deed at some future time.

Wyo. Stat. Ann. § 34–1–102 (LexisNexis 2005).

[¶ 20] Cundy's argument then continues this way:

This case is replete with fraud attending the admission of parol testimony. Upon the records of the Clerk and Recorder of Crook County, legal title to the Mitts Trust Property, where [Range Telephone's] microwave facility has been constructed, is in the name of Calvin W. Hayward, as Trustee for the Sundance Community Television Association. [Range Telephone] came before the district court and will come before this court with a site lease agreement for a portion of the Mitts Trust Property granted by "Sundance T.V. Association, Inc. dba Sundance Community Television." There exists no written memorandum subscribed by Calvin W. Hayward, as Trustee for the Sundance Community Television Association, for the conveyance of such real estate to [Range Telephone's] lessor, "Sundance T.V. Association, Inc. dba Sundance Community Television." Query: How did legal title to the leased tract get from Calvin W. Hayward to Sundance T.V. Association, Inc. without agreement in writing? Answer: It did not because under the Wyoming Statute of Frauds, such agreements are void unless in writing.

[¶ 21] Although it is not entirely clear that Cundy argued the application of the Statute of Frauds at trial in the same manner as he does before this Court, nonetheless, we conclude that Cundy's reliance on the Statute of Frauds is misplaced. The record is abundantly clear that the Mitts property was conveyed to Calvin W. Hayward, as Trustee for the Sundance Community Television Association, and that the Sundance T.V. Association, d/b/a Sundance Community Television and the Sundance Community Television Association for whom Calvin W. Hayward served as a

able" use of the easement. 7 Thompson on Real Property, § 60.04(a)(1) (1994).

trustee are one and the same entity.[6] Cundy cites no pertinent authority nor does he make a cogent argument that the circumstances outlined in his argument (and we do not challenge the accuracy of the facts and circumstances with which all parties essentially agree) amount to a violation of the Statute of Frauds that invalidates the lease agreement between Sundance Community Television and Range Telephone. Therefore, the district court properly concluded that the lease and its concomitant authorization for Range Telephone to use the right-of-way conveyed with the Mitts property for the limited purposes associated with that lease was efficacious and is affirmed. The district court also took note that Range Telephone already had a second right-of-way through acquisitions of rights-of-way held by its predecessors in interest. That right-of-way permitted Range Telephone access to a site very near the television site. Moreover, implicit in the district court's findings is that Range Telephone's use of the Television Association's right-of-way does not create a significant additional burden to that right-of-way or the interest Cundy has in it.

### Was the Trust Valid in the First Instance so as to Allow the Conveyance

[¶ 22] Cundy concedes that the Trust, if it is indeed a "trust" as that legal term is usually construed,[7] that held title to the Mitts property was valid in the first instance. However, he contends that the trust document limited the use of the Mitts property to use for television transmission and will not permit the conveyance to Range Telephone for purposes of telephone transmission. Although this contention was not directly addressed by the district court, that is at least in part a function of Cundy's failure to definitively raise it in the district court. We also question whether Cundy has standing to raise such an issue, but because that was not raised below or in this appeal, we will not dispose of that concern here. Although we do not purport to decide this issue herein, we do note that a trust instrument is to be construed so as to effectuate its purpose:

> The trust instrument will be construed as authorizing all acts within the use contemplated to effectuate the object of the creator of the trust. If necessary, equity will extend the trust as created, and will take such other action as is necessary, in order to effectuate the purpose or object of the creator. In particular cases equity may, if necessary, even act in opposition to the provisions of a trust in order to carry out the ultimate purposes of the trust.

90 C.J.S. *Trusts* § 218, at 347 (2002).

[¶ 23] Moreover, changes in circumstances may, in some instances, give rise to an assumption that the settler of the trust would allow the trustee to adjust his conduct to those changes. IIA *Scott on Trusts* § 167 (4th ed.1987). Here, it is certainly arguable that the lease conveyance (and any associated income) might well benefit the articulated purpose of the trust. In addition, circumstances have changed dramatically in the field of telecommunications since 1958, and it is not a leap of either logic or sound judgment to conclude that extension of telephone

---

6. This conclusion is bolstered by Wyo. Stat. Ann. § 17–22–114 (LexisNexis 2005) which provides:

   **§ 17–22–114. Transition concerning real and personal property.**

   (a) If, before July 1, 1993, an estate or interest in real or personal property was purportedly transferred to a nonprofit association, on July 1, 1993 the estate or interest vests in the nonprofit association unless the parties have treated the transfer as ineffective.

   (b) If, before July 1, 1993, the transfer vested the estate or interest in another person to hold the estate or interest as a fiduciary for the benefit of the nonprofit association, its members, or both, on or after July 1, 1993 the fiduciary may transfer the estate or interest to the nonprofit association in its name or the nonprofit association, by appropriate proceedings, may require that the estate or interest be transferred to it in its name.

   It may be that the Association should ensure that the clarity of its title be addressed. However, for purposes of this controversy, we perceive no troublesome issue in that respect and we will not further address its applicability to these circumstances as raised in the third issue stated by Cundy.

7. Whether the Mitts conveyance was a "trust" or an outright conveyance was not litigated or decided below.

services is related to the distribution of television.

## Error in Granting Summary Judgment on Injunction, Trespass, Nuisance and for Declaratory Relief

■ [¶ 24] Cundy's assertion that the district court erred in granting injunctive relief in favor of Range Telephone relies upon this Court's decision in *Tri–County Electric Association v. City of Gillette*, 525 P.2d 3, 10 (Wyo.1974), wherein we wrote:

> The extraordinary character of the injunction remedy requires that the complaint clearly set out all the facts necessary to establish such right, *G.H. Sternberg & Co. v. Cellini*, 16 Ill.App.3d 1, 305 N.E.2d 317, 320, and cases cited; *Overton v. Alford*, 210 Ga. 780, 82 S.E.2d 836, 838; *Rawson v. Brownsboro Independent School Dist.*, Tex.Civ.App., 263 S.W.2d 578, 581. There is nothing in the petition for review stating any facts creating grounds for equitable relief. On its face it demonstrates that it will not tend to preserve the status quo but will disrupt the present system of electrical distribution and take it from the hands of Tri–County; nor do we find any suggestion of any irreparable injury to the city if Tri–County is not so

enjoined. The effect of this judgment, and particularly the entry of the injunction herein, sanctions the taking of Tri–County property without proper or final determination of any rights it may have under the contract or to compensation, and would appear to have sanctioned a form of inverse condemnation[.]

We continue to agree with the sentiments expressed in that opinion, but in the instant case the parties had ·complete notice of all claims and were afforded a complete opportunity to develop and litigate the issues the district court ultimately decided. The district court determined that Range Telephone did have access to the right-of-way which Cundy had blocked. In light of that determination, which we affirm here, the district court correctly granted summary judgment in favor of Range Telephone.

## Failure to Join Indispensable Party; Failure to State Claim

■ [¶ 25] Cundy contends that the failure of Range Telephone and the district court to have joined an indispensable party, as required by W.R.C.P. 19,[8] requires reversal of this case. He also contends that Range Telephone could not trace its claim to the right-of-way held by Sundance Communi-

---

8. **Rule 19. Joinder of persons needed for just adjudication.**

(a) *Persons to Be Joined if Feasible.*—A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder Not Feasible.*—If a person as described in subdi-

visions (a)(1) and (a)(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent·person being thus regarded as indispensable. The factors to be considered by the court include:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

(2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

(3) Whether a judgment rendered in the person's absence will be adequate;

(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) *Pleading Reasons for Nonjoinder.*—A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivisions (a)(1) and (a)(2) hereof who are not joined, and the reasons why they are not joined.

(d) *Exception of Class Actions.*—This rule is subject to the provisions of Rule 23.

ty Television back to the record owner of legal title and, therefore, failed to state a claim upon which relief could be granted. W.R.C.P. 12(b)(6). Neither of these propositions is supported by cogent argument or pertinent authority, and we decline to consider them further. *But see Grove v. Pfister,* 2005 WY 51, 110 P.3d 275 (Wyo.2005); and 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 3d § 1604 (2001 and 2005 Pocket Part).

### Failure to State Cause of Action

[¶ 26] It is readily evident from what we have set out above that Range Telephone did state a cause of action upon which relief could be granted. W.R.C.P. 12(b)(6). Especially in view of what we have decided above, Cundy's argument in this regard is not supported by cogent argument or pertinent authority.

### CONCLUSION

[¶ 27] The district court's order granting summary judgment in favor of Range Telephone is affirmed.

### DISCUSSION

**Case No. 04–220**

[¶ 28] As we noted above, the issues in these two cases are virtually identical. The Range Telephone portion of this case differs from this portion of the case, only in that Range Telephone has an easement in its own right to go to or by the Sundance Community Television site, whereas Union Telephone's only claim to an easement arises from its lease agreement with Sundance Television. Another difference of significance is that in this case, the district court found that Cundy had no interest in the timber [9] or pasturage

on Sundance Community Television's parcel. In light of the condition of the pleadings and proceedings in this case, we affirm the district court's order in its totality.

### CONCLUSION

[¶ 29] The district court's order granting a partial summary judgment in favor of Union Telephone is affirmed.

---

9. With respect to timber rights, Cundy's theory maintains that the Mitts' right to the timber was perpetual and that it could eventually devolve upon him. This issue was not dispositively litigated in this case, but we point our readers' attention to authorities which suggest that timber rights may not be construed as perpetual unless that was clearly the intent of the grantor. *See* 2 Tiffany on Real Property § 597, at 535–38 (3rd. ed.1939 and Supp.2001); and 8 Thompson on Real Property, § 65.04(d)(1)and (2), at 62–65 (2nd ed.2005). With respect to grazing rights, the same sort of theory may apply, but in any event, Cundy did not contend that any grazing rights he might have were damaged by Sundance Community Television or Union Telephone. It is clear from the proceedings in these two cases that Cundy's only real issue was with the use of the right-of-way, and many of his assertions were just vain attempts to find a hook upon which to hang his central claim.