2007 WY 11

**SUNDANCE MOUNTAIN RESORT, INC.; and Cecil A. Cundy, Appellants (Defendants),**

v.

**UNION TELEPHONE COMPANY, a Wyoming corporation, Appellee (Plaintiff).**

No. 05–300.

Supreme Court of Wyoming.

Jan. 19, 2007.

See also 123 P.3d 901.

Representing Appellants: Cecil A. Cundy of Cundy Law Office, Sundance, Wyoming.

Representing Appellee: Paul J. Drew of Drew Law Office, P.C., Gillette, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Cecil A. Cundy was held in contempt of court for violating a district court order enjoining him and Sundance Mountain Resort, Inc. (Sundance) from interfering with Union Telephone Company's (Union) access to its leasehold.   Mr. Cundy appeals from the contempt order, claiming: 1) the district court improperly exercised its ·jurisdiction when it held the contempt hearing in Weston County rather than Crook County; and 2) the injunction sought to be enforced by the contempt proceeding exceeded the rights granted in the lease.   We affirm.

## ISSUES

[¶ 2]   In his initial brief, Mr. Cundy states the issues as follows:

1.  Whether or not the district court had jurisdiction for proceedings in Weston County, Wyoming in a contempt proceeding affecting an estate in real property in Crook County, Wyoming where Defendant/Appellant resided in Crook County, Wyoming.

2.  Whether or not the injunction sought to be enforced exceeded the rights granted Appellee in its Communication Site Lease.

Union concurs in Mr. Cundy's initial statement of the issues, but asserts the first issue really concerns venue, not jurisdiction.   In his reply brief, Mr. Cundy acknowledges the distinction between jurisdiction and venue and restates his first issue as follows:

Whether or not the District Court *properly exercised* jurisdiction by ordering Defendants to appear and show cause in Weston County in contempt proceedings affecting an estate in real property in Crook County where Appellants/Defendants resided in Crook County, Wyoming.

## FACTS

[¶ 3]   This appeal arises from facts we previously considered in *Cundy v. Range Tel. Coop., Inc.* and *Union Telephone Co.*, 2005 WY 153, 123 P.3d 901 (Wyo.2005).   As it relates to the current appeal, in *Cundy* we affirmed a district court order enjoining Sundance and Mr. Cundy from interfering with Union's use of its leasehold on Sundance Mountain and access to it across lands belonging to Sundance.   The district court's order we affirmed in *Cundy* stated in pertinent part as follows:

IT IS THEREFORE ORDERED AND DECLARED by the court that the plaintiff Union Telephone Company has the right to ingress to and egress from its leasehold tract described above, over and across the above described lands of the defendant Sundance Mountain Resort, Inc.

* * *

IT IS FINALLY ORDERED that the defendants Sundance Mountain Resort, Inc. and Cecil A. Cundy be, and they hereby are, enjoined from interfering with the plaintiff's ingress to and egress from its above described leasehold across the lands of the defendant Sundance Mountain Resort, Inc., and are enjoined from interfering with the plaintiff's use of its leasehold tract.

[¶4]   Prior to our decision in *Cundy*, but after the district court's order enjoining Mr. Cundy, Union attempted to arrange for delivery of concrete from Croell Redi–Mix, Inc. (Croell) to its leasehold.   Mr. Cundy sent a letter to Croell stating in relevant part:

> In no circumstances will Sundance Mountain Resort, Inc. grant permission to Union, or any agent thereof, to use the site or the right-of-way thereto.   The right-of-way is strictly limited to that road which is known as the old road.   Neither deviation from the course of the old road, nor damage to the old road will be tolerated in any circumstance.   In particular, no travel whatsoever will be allowed upon the new roads constructed by Sundance Mountain Resort, Inc.

Union filed a motion for order to show cause why Sundance and Mr. Cundy should not be held in contempt for violating the district court's order enjoining them from interfering with Union's access to its leasehold.   The district court entered an order to show cause stating that it appeared Mr. Cundy and Sundance had violated the injunction by interfering with Union's access.   The district court ordered them to appear for a telephone conference on August 23, 2005.

[¶5]   Several days later, upon the request of counsel, the district court vacated the telephone hearing and reset the hearing for personal appearance by the parties on the same date, but at the Weston County Courthouse in Newcastle, Wyoming.   The record does not disclose who made the request to reschedule the hearing: counsel for Union, Mr. Cundy, or both.

[¶6]   On the day of the hearing, Mr. Cundy presented an objection to holding the hearing outside the venue of Crook County. The district court proceeded with the hearing as scheduled.   If a transcript was made of the hearing, it is not part of the appellate record.   However, it appears that following the arguments of counsel the district court found Mr. Cundy had violated the injunction by interfering with Union's access to its leasehold, held him in contempt and asked Union to prepare a proposed order to that effect.   Upon receipt of Union's proposed order, Mr. Cundy filed an objection to which he attached his own proposed order.   Among other things, Mr. Cundy's proposed order stated that the district court had disregarded his objection to venue and proceeded with the contempt hearing, stating there was no courtroom available in Crook County on the date the hearing was scheduled.   Subsequently, the district court entered an order of contempt different from Mr. Cundy's proposed order.   We paraphrase the district court's findings as follows:

1.   The court previously enjoined Sundance and Mr. Cundy from interfering with Union's access to its leasehold across Sundance land;

2.   By his letter to Croell, Mr. Cundy interfered with Union's access to its leasehold;

3.   By interfering with Union's access, Mr. Cundy is in indirect criminal contempt of this court;

4.   Mr. Cundy may purge himself of this contempt by allowing Union and its agents, including Croell, to access Union's leasehold by the most efficient and practical route across Sundance lands, including access by cement trucks as may be necessary to Union's construction project on the lease.

The district court's order of contempt did not address Mr. Cundy's venue objection.   Mr. Cundy timely appealed from the order of contempt.   After Mr. Cundy filed his notice of appeal in the instant case, this Court published its opinion in *Cundy* affirming the order enjoining Sundance and Mr. Cundy from interfering with Union's access to its leasehold.

## STANDARD OF REVIEW

[¶7]   Determinations   concerning venue are within the district court's discretion and we review the denial of a motion for change of venue only for abuse of discretion. *Duke v. State*, 2004 WY 120, ¶25, 99 P.3d 928, 939 (Wyo.2004).   The power to summarily punish for contempt is likewise vested in the district court.   *Horn v. Welch*, 2002 WY 138, ¶8, 54 P.3d 754, 758 (Wyo.2002).   We will not overturn a district court contempt order absent an abuse of discretion.   Id. The ultimate question in determining whether an

abuse of discretion has occurred is whether the district court could reasonably conclude as it did. *Id.*

## DISCUSSION

### 1. *Venue*

[¶ 8] Mr. Cundy asserts the district court improperly exercised its jurisdiction by holding the show cause hearing in a different county than the one in which the action was brought. Union contends it complied with the applicable venue statute by bringing the action in Crook County and there was nothing improper about convening the show cause hearing in Weston County. Despite Mr. Cundy's continued use of the word "jurisdiction" in his re-statement of the issues, the parties appear to be in agreement that the issue does not concern the district court's jurisdiction to hear and decide Union's motion; rather, the issue is one of venue.

[¶ 9] "Venue" as a modern legal concept refers to the county, district, or other geographical location in which, "for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried." 77 Am.Jur.2d *Venue* § 1 (2006).

Venue is not a substantive right, but is a procedural matter designed for the convenience of the litigant and for allocating judicial resources. A venue provision is not a substantive limitation on court power; it neither limits nor creates specific powers in a specific court.

*Id.* As this Court has said, venue does not affect the court's power to hear and determine a matter and render a binding judgment. *George v. Allen (In re Estate of George)*, 2003 WY 129, ¶ 18, 77 P.3d 1219, 1225 (Wyo.2003).

Venue is the place where the power to adjudicate is to be exercised, that is the place where the suit may or should be heard.

77 Am.Jur.2d *Venue* § 1.

[¶ 10] The instant case began as an action to enjoin Sundance and Mr. Cundy from interfering with Union's access to its leasehold. Thus, it was an action affecting an interest in real property and Wyo. Stat. Ann. § 1–5–101 (LexisNexis 2005) was the controlling venue provision. Section 1–5–101 provides in pertinent part:

(a) Actions for the following causes shall be brought in the county in which the subject of the action is situate, . . . :

(i) For the recovery of real property, or of an estate or interest therein;

[¶ 11] In accordance with this provision, Union brought the action in the county in which its leasehold is situated, Crook County. All papers concerning the action were filed there and, until the show cause hearing, all proceedings involving the action were held there. The question, therefore, is whether the district court abused its discretion by holding the show cause hearing in a county other than the one in which the action was brought.

[¶ 12] Under the circumstances presented, we conclude the district court did not abuse its discretion. The action was "brought" in the proper county. Until the show cause hearing, all proceedings were held in the proper county, including the principal proceeding in the case—the summary judgment hearing. Then, upon the request of counsel, the district court vacated the telephone hearing it had initially scheduled on the motion to show cause and scheduled a hearing requiring personal attendance of counsel. Again, the record does not reflect, and the parties do not disclose, whether Union, Mr. Cundy, or both, requested the change. In any event, apparently because no courtroom was available in Crook County, the district court responded to the request by setting the hearing in Weston County.

[¶ 13] As we have said, venue normally is founded upon convenience to the parties to the litigation. *Estate of George*, ¶ 18, 77 P.3d at 1225. The district court's order setting the show cause hearing by telephone apparently was not convenient for one or both of the parties. The district court responded by setting a "live" hearing in an adjoining county with an available courtroom. Mr. Cundy has not argued that the Weston County forum was inconvenient. In the district court and in this Court he claimed simply that the district court violated the venue statute by

convening the hearing in a venue other than Crook County. We find the district court's action to be a reasonable decision based upon proper considerations of convenience and the allocation of judicial resources. Under the circumstances, the district court did not abuse its discretion by proceeding with the hearing in Weston County over Mr. Cundy's objection.

### 2. The Injunction

[¶ 14] In his second issue, Mr. Cundy contends Union's easement was confined to the express terms of the lease, which limited Union's access across Sundance's land to a thirty foot road known by the parties as the "old road." Mr. Cundy claims his letter to Croell was consistent with the rights granted in the lease in that it limited Union and its agents to using the old road to access Union's property. To the extent the district court's order enjoined him from interfering with Union's access by means other than the old road, Mr. Cundy asserts the order exceeds the rights granted in the lease.

[¶ 15] Union argues Mr. Cundy's claim that the injunction exceeded the scope of the lease is not properly before this Court in the instant appeal from the contempt order. Union asserts the order imposing the injunction was previously considered and affirmed in *Cundy*, 2005 WY 153, 123 P.3d 901. Additionally, Union contends the scope of the injunction was not an issue at the contempt hearing; therefore, Mr. Cundy cannot use the appeal from the contempt order to re-challenge the scope of the injunction.

[¶ 16] After careful review of the record on appeal, it does appear Mr. Cundy failed to raise this argument in the district court. The only pleadings he filed in response to the motion and order to show cause were the objection to improper venue and the objection to Union's proposed order of contempt. He did not argue the injunction exceeded the scope of the easement in either of those pleadings. Because no transcript of the contempt hearing appears in the record, it is impossible for this Court to determine whether he presented the argument orally during the hearing. The appellant has the burden to bring a sufficient record to this

Court to allow review of the district court's discretionary decisions. *White v. Table Mountain Ranches Owners Ass'n, Inc.*, 2006 WY 2, ¶ 10, 125 P.3d 1019, 1021 (Wyo.2006). The record the parties designated provides no indication that Mr. Cundy made the argument in district court that the injunction went beyond the scope of the lease.

[¶ 17] We have stated repeatedly that we will not consider arguments made for the first time on appeal. *BP America Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 18, 130 P.3d 438, 462 (Wyo.2006). It simply is not appropriate for this Court to reverse a district court ruling on grounds that were never presented to it. *Whitten v. State*, 2005 WY 55, ¶ 24, 110 P.3d 892, 898 (Wyo.2005). This is particularly true when our review is for an abuse of discretion because to determine whether there was an abuse we necessarily must consider the arguments and evidence presented to the district court. *Amoco Prod. Co. v. Dep't of Revenue*, 2004 WY 89, ¶ 53, 94 P.3d 430, 449 (Wyo. 2004). Plainly stated, a party cannot fail to present an argument and then argue on appeal that the district court abused its discretion in not considering the argument the party did not present. Because the record before us contains no indication Mr. Cundy argued the injunction exceeded the scope of the lease in district court, we decline to address the issue.

[¶ 18] The fact that Mr. Cundy did not present his argument to the district court is sufficient reason by itself to affirm. However, under the circumstances of this case, we are compelled to go further. As reflected in *Cundy*, 2005 WY 153, 123 P.3d 901, this case arose in 2003 when Union filed its complaint for declaratory relief recognizing its right to access its leasehold. Mr. Cundy had the opportunity then to argue that Union's access was limited to the old road by the express terms of the lease. Mr. Cundy again had the opportunity to present this argument when he appealed the district court's order enjoining him from interfering with Union's access. The only reference we find to this

argument in either proceeding is in Mr. Cundy's brief in the current appeal, which comes after the district court has twice considered the case and after a previous appeal to this Court. Under these circumstances, where Mr. Cundy has had several previous opportunities to present his claim that the injunction exceeded the scope of the lease, we decline to address the argument.

[¶ 19]   Affirmed.